JOSIAH L. JOHNSTON vs. TRADE INSURANCE COMPANY.

Suffolk.   Jan. 11, 12. — March 31, 1882.   LORD, FIELD & C. ALLEN, JJ.,
                                absent.

A non-resident may maintain an action in the courts of this Commonwealth, against
    a foreign insurance company doing business here, upon a contract made, and
    the subject matter of which is situated, in another State, although the only ser-
    vice of process is made upon the insurance commissioner of the Commonwealth,
    in accordance with the St. of 1878, c. 36.

CONTRACT.   The writ, returnable to the Superior Court,
described the plaintiff as of Wilmington in the county of New-
castle in the State of Delaware, and the defendant as a corpora-
tion duly established by law in Camden in the State of New
Jersey, having a usual place of business in Boston in this Com-
monwealth.   The declaration alleged that the defendant issued
a policy of insurance against loss by fire to James E. Price on
property situated in the State of Delaware, payable to the
plaintiff as mortgagee; that a loss had occurred to the amount
of $1250, and that the defendant refused to pay the same.   The
return of the officer set forth that he had summoned the defend-
ant to appear and answer "by delivering to J. L. Clarke, insur-
ance commissioner and the duly appointed attorney to accept
service for said company, a summons, together with an attested
copy of this writ."

The defendant appeared specially and moved that the process
against it be quashed, the service thereof annulled, and the writ
be dismissed for want of legal service upon it, and for want of
jurisdiction in the court to entertain the process.

*Putnam*, J. overruled the motion; and the defendant alleged
exceptions, which, in addition to the matters appearing on the
face of the papers and above set forth, stated that the defendant
had complied with the laws of this Commonwealth in reference
to foreign insurance companies, and was doing business in Bos-
ton as a foreign insurance company.

The defendant was subsequently defaulted, and judgment
rendered against it.

*J. P. Treadwell*, for the defendant, cited *Osborne* v. *Shawmut
Ins. Co.* 51 Vt. 278; *Gibbs* v. *Queen Ins. Co.* 63 N. Y. 114;

*Bawknight* v. *Liverpool Ins. Co.* 55 Ga. 194; *Ex parte Schollenberger*, 96 U. S. 369, 377.

*C. T. Russell & C. T. Russell, Jr.*, for the plaintiff.

ENDICOTT, J.   It has been decided in this Commonwealth, that one foreigner may sue another in our courts upon a simple contract debt made without our jurisdiction, if the defendant is found here and process can be legally served upon him.   *Roberts* v. *Knights*, 7 Allen, 449.   *Peabody* v. *Hamilton*, 106 Mass. 217.   *Barrell* v. *Benjamin*, 15 Mass. 354.

In the case at bar, the plaintiff is a citizen of Delaware, and the defendant is a corporation established by the laws of New Jersey; and the action is brought upon a policy of insurance issued in Pennsylvania upon property in Delaware, and payable to the plaintiff as mortgagee.   The defendant, at the time of the service, had a usual place of business in Boston, and was doing business there as a foreign insurance company, and had complied with the laws of this Commonwealth in relation to foreign insurance companies.   St. 1878, c. 36.   See Gen. Sts. c. 58, § 68.   The St. of 1878 provides that a foreign insurance company shall, before doing business in this Commonwealth, appoint in writing the insurance commissioner of the Commonwealth its attorney, "upon whom all lawful processes, in any action or proceeding against the company, may be served with like effect as if the company existed in this Commonwealth." No question is made that process in this case was duly served upon the attorney of the defendant; but the defendant contends that the court will not, in the absence of express statute authority, entertain jurisdiction of an action between a non-resident plaintiff and a foreign insurance company doing business in this State, upon a contract made out of the State and insuring property in another State, where no attachment has been made, and no service had except upon the insurance commissioner.

Whatever may be the limitations of this statute in respect to foreign insurance companies, after they have appeared in court in obedience to lawful process, there can be no doubt that, if they do business in this State and have complied with the provisions of the statute, they are within the jurisdiction of our courts, and can be held to answer in suits upon contracts which are transitory in their nature, and which ordinarily may be

enforced wherever the defendant may be found. The statute simply provides for service of process, which shall, by the consent of the company, have the same force and validity as if made on the company itself; and, when the service is actually made, the jurisdiction of the court is complete as to the defendant. It relates merely to the service of process, it contains no restrictions on the company after it comes into court, and does not preclude it from removing the action to the United States courts. *Morton* v. *Mutual Ins. Co.* 105 Mass. 141. It was said by Mr. Justice Wells, in *Smith* v. *Mutual Ins. Co.* 14 Allen, 336, 341: " The foreign corporation will not thereby stand differently in court from any other party who has appeared to defend without objecting to the jurisdiction over the person of the defendant. He may still plead a want of jurisdiction on the ground that the subject matter of the suit, or the remedy sought, is beyond the reach of the court, or not within the sovereign power of the State from which the court has its authority." And it was there held that this court would not entertain jurisdiction of a bill in equity, brought by a citizen of Alabama against a New York insurance company, seeking to restore him to his rights under a policy issued in New York upon his life, he having failed to pay the required premiums; although the defendant was doing business in this State, and had complied with the provisions of the statute as to service. But no such questions arise in this case.

The only question here is, whether the law and practice of our courts, which enable a non-resident to sue, upon a debt contracted elsewhere, another non-resident who may be found here, and on whom summons has been actually served, applies to this case. In other words, having summoned the defendant, a foreign insurance company, according to the provisions of the statute, will this court decline to take jurisdiction of an action to recover a sum of money alleged to be due the plaintiff, because the plaintiff is not a resident of this State, and the contract was made, and the property to which it relates is situated, in another State?

It is true the statute does not in express terms provide for the maintenance of such an action; nor does it prohibit its maintenance. The statute was not framed for that purpose; its object

is simply to provide for serving upon such companies " all lawful processes in any action or proceeding " against them. The words " all lawful processes in any action or proceeding," must be held to include all actions which might lawfully be brought against a company thus having a domicil of business in this Commonwealth. It is also true that the main purpose of the statute is to secure to our own citizens the benefit of our laws and tribunals in regard to contracts made with foreign insurance companies who do business in this State; and it contains particular provisions which clearly indicate this general purpose. But it is true of all our statutes, applicable to our own citizens, that their primary object is the benefit of our own citizens, and the security and protection of their rights. We have, however, always extended the privileges of our laws to non-residents, and opened our courts to their litigation, if the defendant can be found here. Anc. Chart. 91, 192. And it was said by Chief Justice Chapman, in delivering the judgment in *Roberts* v. *Knights, ubi supra,* " It is consonant to natural right and justice that the courts of every civilized country should be open to hear the causes of all parties who may be resident for the time being within its limits."

While under our decisions this plaintiff would be entitled to maintain an action of a transitory nature, upon a contract made in another State, against an alien temporarily residing here, we cannot deny to him a like privilege against a foreign corporation doing business here, and which has complied with those express provisions of law, whereby all lawful processes may be served upon it with the same effect as if the company existed in this Commonwealth.

It may also be observed, that while the defendant could maintain an action here against the plaintiff, if found temporarily within our limits, for the recovery of its dues; *American Ins. Co.* v. *Owen,* 15 Gray, 491 ; it would seem to be unjust to refuse jurisdiction in an action brought by him against the defendant, that has availed itself of the privileges of our laws, established itself in business within our limits, and voluntarily subjected itself, so far as actions of this kind are concerned, to the jurisdiction of our courts.        *Exceptions overruled.*