### WILLIAM E. DESPER & another *vs.* CONTINENTAL WATER METER COMPANY.

Worcester.   October 19, 1883. — June 28, 1884.

This court has no jurisdiction of a bill in equity by a citizen of this Common-wealth against a foreign corporation having a usual place of business in this Commonwealth, for specific performance of an agreement to assign and con-vey letters patent of the United States, and personal chattels situated here, where the only service of the bill is by subpœna upon the treasurer of the corporation.

BILL IN EQUITY, filed November 17, 1882, alleging that, on June 4, 1881, the plaintiffs assigned to the defendant, a corpo-ration established under the laws of the State of Maine, and having a usual place of business and property in this Common-wealth, certain letters patent of the United States; that, on the same day, an agreement in writing was entered into between the plaintiffs and the defendant, by the terms of which the plaintiffs sold to the defendant all the stock, tools, patterns, machinery, and other property used by the plaintiffs in the manufacture of water meters, and the defendant, in consideration of the assign-ment of said letters patent and of the sale of said personal property, agreed to pay the plaintiffs certain sums of money at specified times; and, on failure to make such payments, agreed to reassign said letters patent to the plaintiffs, and to return the personal property to them. The bill further alleged a perform-ance on the part of the plaintiffs, and a failure on the part of

the defendant to make the payments set forth in the agreement, and to reassign the letters patent.

The prayer of the bill was that the defendant be compelled specifically to perform said agreement, and especially to reassign to the plaintiffs the letters patent, and the personal property mentioned in the agreement; and for further relief. The bill also contained a prayer that a subpœna issue to the defendant, commanding it to appear and answer, but not under oath.

A subpœna was issued, which was served upon the treasurer of the defendant corporation in this Commonwealth. The defendant appeared specially, by attorney, and objected to the jurisdiction of the court.

At the hearing, before *Field*, J., it was admitted that the plaintiffs were entitled to the relief sought, if the court had jurisdiction of the cause, on the service made on the defendant, and the following facts: "The plaintiffs are citizens of Massachusetts, resident in the city and county of Worcester; the defendant is a corporation organized under the laws of the State of Maine, and ever since said organization, until the filing of plaintiffs' bill, has had a place of business and office in Boston, in said Commonwealth, and an office in Portland, in the State of Maine, where its stockholders' meetings have been held. The officers and a majority of the directors of said defendant corporation are citizens of Massachusetts, and said directors have sometimes held their meetings in said Commonwealth. The contract under which relief is sought by the plaintiffs' bill was made, and the property to be affected by the decree is situated, within said Commonwealth."

The judge reserved the case for the consideration of the full court. If the court had jurisdiction of the defendant, a decree was to be entered for the plaintiffs. If the court had no jurisdiction of the defendant by reason of the service made, the bill was to be dismissed, without costs.

*F. E. Barker*, for the plaintiffs.

*P. A. Collins*, for the defendant.

FIELD, J. In this Commonwealth, a foreign corporation, unless jurisdiction over it is given by statute, or unless it voluntarily appears, cannot be sued at law, except by means of an attachment of its property. *Andrews* v. *Michigan Central*

*Railroad*, 99 Mass. 534. *National Bank of Commerce* v. *Huntington*, 129 Mass. 444. *Peckham* v. *Haverhill Parish*, 16 Pick. 274, 286. The service of process in this suit was not a legal service upon the corporation, as there is no statute authorizing such a service; at the most, it was only equivalent to notice of the suit.

It seems that the law is otherwise in England, and in some other jurisdictions. *Newby* v. *Colt's Patent Fire Arms Co.* L. R. 7 Q. B. 293. *Baltimore & Ohio Railroad* v. *Wightman*, 29 Grat. 431. See *Williams* v. *Empire Transportation Co.* 14 Off. Pat. Gaz. 523; *Wilson Packing Co.* v. *Hunter*, 8 Biss. 429.

A corporation may be decreed specially to perform a contract. *Jones* v. *Boston Mill Corp.* 4 Pick. 507. And this court has jurisdiction in equity to compel the assignment of letters patent. *Binney* v. *Annan*, 107 Mass. 94.

It does not appear that the personal chattels cannot be replevied; and, as they are within the Commonwealth, if they are in the possession of any one, they must be in the possession of some person within the Commonwealth, who could be served with process, and compelled to deliver up the chattels, if the plaintiffs are entitled to the possession of them. No such person has been made a party defendant. So far as the bill asks for an assignment of letters patent, it asks for a personal decree against the defendant.

Whatever may be the extent of the jurisdiction of the court over all property and all persons within the Commonwealth, it has never been held to extend to a foreign corporation, not made by statute amenable to process, for the purpose of compelling it specifically to perform a contract by executing a written assignment of letters patent, unless the corporation voluntarily submits itself to the jurisdiction. The rights conferred by letters patent have no special locality within the Commonwealth; they exist as well in Maine, where the corporation was created, as in Massachusetts. *Carver* v. *Peck*, 131 Mass. 291.

We are of opinion that this case is not within the purview of the Pub. Sts. *c.* 141, § 22; and that the bill must be dismissed. *Spurr* v. *Scoville*, 3 Cush. 578. *Moody* v. *Gay*, 15 Gray, 457. *Felch* v. *Hooper*, 119 Mass. 52. *Walling* v. *Beers*, 120 Mass.

548. *Kansas & Eastern Railroad Construction Co.* v. *Topeka, Salina & Western Railroad*, 135 Mass. 34. *Williston* v. *Michigan Southern & Northern Indiana Railroad*, 13 Allen, 400.

*Bill dismissed, without costs.**

---

* By the St. of 1884, *c.* 330, which took effect on July 1, 1884, a foreign corporation doing business in this Commonwealth, except foreign insurance companies, is required to appoint the commissioner of corporations its attorney, upon whom process may be served.