## TRISTRAM S. LEWIS *vs.* NORTHERN RAILROAD.

Suffolk.   March 6. — May 11, 1885.   W. ALLEN, COLBURN, & HOLMES, JJ.,
                              absent.

Before the St. of 1884, *c.* 330, providing for service of process upon a foreign cor-
poration having its usual place of business in this Commonwealth, a foreign
corporation was sued here, its property was attached, and an attested copy
of the writ left with its treasurer.   *Held*, that the cause was not so "com-
menced by the service of process," within the Pub. Sts. *c.* 169, § 25, that the
plaintiff could take a deposition by serving notice of the taking of the same
upon the treasurer of the corporation.

MORTON, C. J.   The plaintiff commenced the service of his
writ on February 10, 1883, by attaching property of the defend-
ant, alleged to have a usual place of business in Boston ; and, on
the same day, the officer left an attested copy of the writ with
the treasurer of the defendant at Boston.   The defendant is a
foreign corporation, and the service by leaving a copy with
the treasurer was not authorized by any statute, and was not
a valid service.   *Andrews* v. *Michigan Central Railroad,* 99
Mass. 534.

On the same tenth day of February the plaintiff applied to a
magistrate to take his deposition, who issued a notice, which was
also served upon the treasurer of the defendant.   The plaintiff
thereupon proceeded and had the deposition taken, the defend-
ant not appearing.   At the return term of the writ, an order
of notice was duly issued to the defendant, and served by pub-
lication.   The defendant thereupon appeared by attorney; and,
at the trial of the case, the plaintiff offered in evidence the
deposition taken as above stated.   We are of opinion that the
court rightly excluded it.

Prior to the return term, there was no valid service upon
the defendant except by the attachment of its property, and
it stood in the same position as any foreign defendant whose
property has been attached.   The statute provides that, in all
cases where the defendant is out of the Commonwealth, and
no personal service is made on him, he shall be entitled to
further notice of the suit, in such manner as the court shall
order.   Pub. Sts. *c.* 161, § 34; *c.* 164, §§ 6–9.   Unless such

notice is given, a valid judgment cannot be rendered. Until it is given, the service upon the defendant is unfinished and incomplete.

It is provided by statute that a party to a suit may take a deposition to be used in it "at any time after the cause is commenced by the service of process," notice thereof to be served on the adverse party, or his agent or attorney. Pub. Sts. *c.* 169, §§ 25, 26. The statute contemplates that there shall be a completed service of the process, so as to give the court jurisdiction of the cause, before depositions can be taken. In the case of an absent defendant, who is out of the jurisdiction, no notice can be served under the statute until he appoints an attorney or agent upon whom process can legally be served.

Recent legislation has provided for the service of process upon foreign corporations having a usual place of business in this Commonwealth. St. 1884, *c.* 330. But at the time when this deposition was taken no such provision existed. The plaintiff took the deposition before the cause was commenced by the service of process, and he did not and could not give the notice required by statute.

For these reasons, we are of opinion that the deposition was rightly excluded by the Superior Court.

*Judgment on the verdict.*

*J. F. Wiggin,* for the plaintiff.
*J. H. Benton, Jr.,* for the defendant.