JOHN C. WILSON *vs.* MARTIN-WILSON AUTOMATIC FIRE ALARM COMPANY.

Suffolk.     January 31, 1889. — March 2, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Equitable Attachment — Letters Patent — Foreign Corporation — Decree.*

Letters patent of the United States belonging to a corporation organized under the laws of another State, and with a usual place of business in this Commonwealth, and duly served with process, may be reached, under the Pub. Sts. c. 151, § 2, cl. 11, and the St. of 1884, c. 285, by a creditor who is an inhabitant of this Commonwealth, and whose debt is the result of a contract made and to be performed here.

BILL IN EQUITY, under the Pub. Sts. c. 151, § 2, cl. 11, and the St. of 1884, c. 285, to reach and apply certain letters patent in payment of a debt due to the plaintiff from the defendant.

The bill alleged that the defendant was a corporation established by law at Portland in the State of Maine, and having a usual place of business in Boston ; that the defendant owed the plaintiff one thousand dollars for personal services as its treasurer and electrician, which amount the defendant had admitted to be due to the plaintiff, and had often promised to pay to him ; that the defendant "had a factory, office, and machinery, and wire circuits and apparatus, of the value of upwards of eleven thousand dollars, in Boston, where it did the whole or greater part of the business for which it was organized; that the contract between the plaintiff and the defendant out of which grew the debt to the plaintiff was made and was to be performed in Boston, and that the president, treasurer, and all the members of the board of directors of the corporation are of Boston, or have places of business in said Boston "; that the plaintiff had been unable to discover any property of the defendant which could be come at to be attached, all the defendant's property in this Commonwealth having been attached already for more than its value to secure the claims of other creditors; that the defendant was the owner of certain letters patent of the United States for fire alarm apparatus, and of certain inventions or improvements in such apparatus; and that the defendant had by vote authorized the sale of such letters patent and patent rights, and its officers were about to sell the same at public auction in Boston.  The prayer of the bill was that the plaintiff's claim might be established, that a receiver might be appointed to take possession of such letters patent and patent rights, and sell the same and apply the proceeds to the satisfaction of such claim, and that an injunction might issue to prevent the sale of the letters patent and inventions and patent rights by the defendant.

Service was accepted for the defendant by its attorney, "to the same extent that the plaintiff would have obtained service by leaving a copy of this writ with the commissioner of corporations, he having been duly authorized to receive service in accordance with the statute therein provided." *

---

* The St. of 1884, c. 330, § 1, the statute referred to, is as follows: "Every corporation established under the laws of any other State or foreign country, and hereafter having a usual place of business in this

The defendant demurred to the bill for want of jurisdiction, and because "this court has no power to enforce any decree which it might make to afford the plaintiff the relief sought by his bill of complaint, or any other relief, upon the facts charged in his said bill."

Hearing in the Superior Court upon the bill and demurrer, before *Barker*, J., who overruled the demurrer and reported the case for the determination of this court.

*G. Putnam & R. D. Weston-Smith*, for the defendant, cited *Silloway* v. *Columbia Ins. Co.* 8 Gray, 199; *Blackstone Manuf. Co.* v. *Blackstone*, 13 Gray, 488; *Moody* v. *Gay*, 15 Gray, 457; *Crompton* v. *Anthony*, 13 Allen, 33; *Williston* v. *Michigan Southern & Northern Indiana Railroad*, 13 Allen, 400, 406; *Smith* v. *Mutual Ins. Co.* 14 Allen, 336, 339, 340; *Carver* v. *Peck*, 131 Mass. 291; *Kansas & Eastern Railroad Construction Co.* v. *Topeka, Salina, & Western Railroad*, 135 Mass. 34, 39; *Desper* v. *Continental Water Meter Co.* 137 Mass. 252; *Ager* v. *Murray*, 105 U. S. 126; *Howell* v. *Chicago & North Western Railway*, 51 Barb. 378, 383; *New Haven Horse Nail Co.* v. *Linden Spring Co.* 142 Mass. 349.

*F. T. Benner*, for the plaintiff.

FIELD, J. It was agreed at the argument that the bill should be taken to mean that the defendant is a corporation organized under the laws of the State of Maine, and has a usual place of business in Boston in this Commonwealth, and that the papers show that it had appointed in writing the commissioner of corporations to be its attorney, upon whom process against it might be served pursuant to the St. of 1884, c. 330, § 1, and that by

---

Commonwealth, shall, before doing business in this Commonwealth, appoint in writing the commissioner of corporations, or his successor in office, to be its true and lawful attorney, upon whom all lawful processes in any action or proceeding against it may be served, and in such writing shall agree that any lawful process against it which is served on said attorney shall be of the same legal force and validity as if served on the company, and that the authority shall continue in force so long as any liability remains outstanding against the company in this Commonwealth. A copy of the writing, duly certified and authenticated, shall be filed in the office of the said commissioner, and copies certified by him shall be deemed sufficient evidence thereof. Service upon such attorney shall be deemed sufficient service upon the principal."

its attorney in the suit it had accepted service "to the same extent that the plaintiff would have obtained service by leaving a copy of this writ with the commissioner of corporations."

There is no doubt, under the agreement made by the corporation in accordance with this statute for the purpose of enabling it to do business within the Commonwealth, that "so long as any liability remains outstanding against the company in this Commonwealth" the service made in this cause is sufficient to enable the court to render a personal judgment against the company which would be held valid in other jurisdictions as well as in this. *Lafayette Ins. Co.* v. *French,* 18 How. 404. *Ex parte Schollenberger,* 96 U. S. 369. *St. Clair* v. *Cox,* 106 U. S. 350. *National Bank of Commerce* v. *Huntington,* 129 Mass. 444. *Johnston* v. *Trade Ins. Co.* 132 Mass. 432.

Even if a court of equity may in its discretion refuse to entertain a suit brought against such a foreign corporation to collect a debt, particularly when the plaintiff is a non-resident, it would not decline to take jurisdiction when the plaintiff is an inhabitant of the Commonwealth, and the debt is the result of a contract which was made here and was to be performed here. See *Pierce* v. *Equitable Assurance Society,* 145 Mass. 56.

In *Carver* v. *Peck,* 131 Mass. 291, it was decided that letters patent of the United States were not property "within this State," in the sense in which these words were used in the Gen. Sts. c. 113, § 2, cl. 11, now the Pub. Sts. c. 151, § 2, cl. 11. The St. of 1884, c. 285, was thereupon enacted, providing that a bill in equity for the purpose described in that clause of the statutes might be maintained, notwithstanding the fact that "the property sought to be reached and applied is in the hands, possession or control of the debtor independently of any other person, or that it is not within the State." This statute was intended, we think, to extend the jurisdiction in the case of all debts, at least as far as courts of equity of general jurisdiction have carried it, when the debt is a judgment obtained at law. It may be assumed that the intention of the statute is to reach only such property as, from its nature, cannot be attached or taken on execution at law, and that neither under the statute nor under the general jurisdiction can a bill be maintained here to reach property situated wholly beyond the limits of the Commonwealth

which can be attached or taken on execution in a suit at law brought where the property is.

Letters patent are property of such a nature that they cannot be attached or taken on execution in a suit at law anywhere, and it must be considered as established that they can be reached by a creditor under an equitable process like this. *Ager* v. *Murray*, 105 U. S. 126. The rights secured by letters patent of the United States exist in Massachusetts in the same manner as in Maine, or in the rest of the United States. They are intangible property, and, so far as they have any *situs*, it is that of the residence or domicil of the owner. It is not denied that, since the passage of the St. of 1884, c. 285, if the defendant is a domestic corporation or an inhabitant of the Commonwealth, letters patent can be reached by this process. The argument is, that these letters patent cannot be applied to the payment of the plaintiff's debt except by an assignment, and that, as the defendant is a foreign corporation, it cannot be compelled in this suit to assign the letters patent either to the plaintiff or to any one else.

It does not now appear that the defendant will refuse to perform any decree which the court may make, or that the means which the court possesses of enforcing its decrees will not be adequate if it does refuse. For the purpose of collecting a debt, this corporation must be considered as having its residence in this Commonwealth, and the letters patent are within its control. *Lafayette Ins. Co.* v. *French,* 18 How. 404. It is the duty of the corporation to perform any decree which the court may make in the suit, because the corporation is subject to the jurisdiction of the court. As the court has jurisdiction of both the person of the defendant and of the subject, it is no reason for dismissing the bill that the defendant may possibly avoid performing the final decree. This may happen in every personal suit when the property of the defendant is such that it cannot be seized and put into the custody of officers of the law. It is premature now to consider all the remedies which the plaintiff may have if he obtains a decree and the defendant refuses to perform it. *Pingree* v. *Coffin,* 12 Gray, 288, 305. *Pierce* v. *Equitable Assurance Society,* 145 Mass. 56, 63.

*Demurrer overruled.*