### ELMER E. YOUNG *vs.* PROVIDENCE AND STONINGTON STEAMSHIP COMPANY.

Suffolk.    November 12, 1889. — January 4, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Answer in Abatement — Judgment — Appeal.*

The denial of the right of appeal, by the exception in the Pub. Sts. c. 152, § 10, from judgments of the Superior Court "upon an answer or plea in abatement or motion to dismiss for defect of form of process," is not limited to judgments upon pleas or answers in abatement "for defect of form of process" alone, those words qualifying only the words "motion to dismiss."

In an action against a corporation, the writ described it as "duly organized and established by law, and having its usual place of business" in this Commonwealth, and the officer's return thereon recited service upon its agent. The defendant appeared specially, and moved to dismiss for want of jurisdiction, after which it filed an answer, which was demurred to, alleging that the defendant was a foreign corporation, that it had no usual place of business here, that no property was attached on the writ, and that the person on whom service was made was not its agent or authorized to receive service for it, and concluded that the defendant "ought not to be held to answer the plaintiff's writ." The Superior Court, after a hearing upon the whole record, granted the motion, and overruled the demurrer, adjudged the "answer in abatement" to be good, and ordered judgment for the defendant. *Held,* that the answer was an answer in abatement within the meaning of the Pub. Sts. c. 167, and that the judgment, from which no appeal lay, must be taken to have been rendered thereon.

ACTION in which the writ, which was dated December 15, 1888, described the defendant as " the Providence and Stonington Steamship Company, a corporation duly organized and established by law, and having its usual place of business in Boston, in the county of Suffolk." The officer's return upon the writ was as follows : " Suffolk, ss. Boston, December 19, 1888. By virtue of this writ, I this day attached a chip as the property of the within named defendant corporation, and summoned it to appear and answer at court, by delivering to Joshua W. Richardson, as its agent, in hand a summons, together with an attested copy of this writ." The defendant appeared specially, and after filing a motion to dismiss for want of jurisdiction, on the ground that it did not appear from the writ that the defendant corporation was organized under the laws of this Commonwealth, or that service was made upon any person appointed by it or authorized by law to receive service of process upon it, filed the following answer, described as an " answer in abatement ":

" And now comes the defendant, not admitting but denying the jurisdiction of the court over it in this action, and not waiving but relying upon its motion to dismiss, heretofore filed in said cause, and says that it is a corporation organized under the laws of the State of New York ; that it is engaged in the business of transporting passengers and freight between the city of New York in the State of New York and Stonington in the State of Connecticut; that by an agreement between it, the New York, Providence, and Boston Railroad Company, and the Old Colony Railroad Company, an agent of said companies in Boston, in said county of Suffolk, is authorized to sell tickets from Boston to New York by the Stonington Line, so called, said tickets entitling the owners on presentation thereof, and subject to certain conditions, to be carried by the Old Colony Railroad from said Boston to Providence in the State of Rhode Island, by the New York, Providence, and Boston Railroad from said Providence to said Stonington, and by the defendant steamboat from said Stonington to said city of New York ; that Joshua W. Richardson, upon whom service of the plaintiff's writ in this suit was made, which appears by the officer's return, was the agent in Boston of said three companies jointly for the purpose of selling said tickets, but was not the agent of the defendant for any purpose,

nor authorized or empowered by it to receive service of process. All tickets are furnished to said Richardson by said Old Colony Railroad, and said Richardson is by the terms of said agreement accountable to it for them and for their proceeds, and pays over said proceeds to it. That except as aforesaid the defendant does not do business in this Commonwealth, and never has done so. That no other service of process in said suit, nor any attachment of property of the defendant, was made. And therefore it ought not to be held to answer the plaintiff's writ."

The plaintiff demurred to the answer in abatement. The Superior Court, "after a full hearing," granted the motion, over-ruled the demurrer, adjudged "the answer in abatement" to be good, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*J. F. Pickering & J. W. Pickering*, for the plaintiff.

*T. Russell*, for the defendant.

W. ALLEN, J. We think that the judgment must be taken to be a judgment upon the plea in abatement. The motion to dismiss was for the alleged defect in the writ, that it did not show whether the law under which the defendant was organized was a law of this Commonwealth, and for the alleged defect in the return of service, that it did not show that the person upon whom the writ was served as the agent of the defendant was in fact such agent. Afterwards, the defendant, in its answer, put in issue upon the record the fact that it was a foreign corporation, and that the person was not its agent. The case was heard upon the whole record, which showed the facts; and although the court heard and passed upon both the motion and the answer at the same time, yet it did not and could not have rendered judgment upon both, either simultaneously or successively. The judgment for the defendant ordered by the court must be taken to be a judgment upon the answer in abatement, as that is the only judgment for the defendant which can be properly entered upon the whole record. *Jordan* v. *Siefert*, 126 Mass. 25.

The first question is whether an appeal lies from the judgment. The plaintiff contends that an appeal lies from the judgment of the Superior Court on an answer in abatement except when it is for defect of form of process. The Pub. Sts.

c. 152, § 10, provide that "a party aggrieved by a judgment founded upon matter of law, apparent on the record, . . . except a judgment upon an answer or plea in abatement or motion to dismiss for defect of form of process," may appeal. The Pub. Sts. c. 153, § 8, provide that decisions of a judge "upon pleas in abatement or motions to dismiss for defect of form in process, shall be final on the question raised." It is contended by the plaintiff that an appeal is denied from a judgment on an answer in abatement only when it is for defect of form of process. But we do not so construe the statute. The natural construction of it does not connect the words "defect of form of process" with answers in abatement, but only with motions to dismiss.

That this is the meaning appears from the history of the statute. The Rev. Sts. c. 82, § 6, gave an appeal from any judgment of the Court of Common Pleas when the demand exceeded one hundred dollars, or when the title to real estate was concerned, or when the judgment was on matters of law apparent on the record, and included judgments on pleas in abatement. The St. of 1840, c. 87, revised the jurisdiction of the Supreme Judicial Court and of the Court of Common Pleas. It took away all appeals from verdicts, and provided, in § 4: "But all questions of law, except such as may arise upon pleas in abatement, may be carried up to the Supreme Judicial Court by bill of exceptions or writ of error." Section 5 gave an appeal to "any party aggrieved by any judgment of the Court of Common Pleas, founded upon matter of law apparent on the record, except judgment upon pleas in abatement." The St. of 1859, c. 196, which established the Superior Court, contained the same provision in § 26, with the addition of the words, "or motion to dismiss for defect in form of process." Section 27 gave an appeal to any party aggrieved by a ruling in matter of law, "except upon questions arising on pleas in abatement or motions to dismiss, except for defect of form of process." The Gen. Sts. c. 114, § 10, and c. 115, § 7, were the same as the Pub. Sts. c. 152, § 10, and c. 153, § 8. The St. of 1874, c. 271, § 11, relating to the municipal courts in Boston, contained the same provision, with a significant difference in punctuation, "upon pleas in abatement, or motions to dismiss for defect of form

in process, the decision of said courts shall be final." Giving effect to the punctuation in the last cited statute, there can be no doubt in regard to its meaning. It cannot be supposed that the Legislature, in applying the provision to municipal courts, intended to change its meaning, and enlarge the final jurisdiction given by it. The authorities are abundant and conclusive, that the final jurisdiction of the Superior Court in answers in abatement is not limited to defects in form of process. *Bartol* v. *Stanwood*, 7 Cush. 115. *Morey* v. *Whittenton Mills*, 8 Cush. 374. *Willard* v. *Stone*, 13 Gray, 475. *Blackmer* v. *Davis*, 16 Gray, 120. *Richmond* v. *Whittlesey*, 2 Allen, 230. *Stackpole* v. *Hunt*, 9 Allen, 539. *Hamlin* v. *Jacobs*, 99 Mass. 500. *Houghton* v. *Ware*, 113 Mass. 49. *Wildes* v. *Marshall*, 117 Mass. 311.

The question then is whether the answer is an answer in abatement within the meaning of the statute. The answer is in form an answer in abatement, (Pub. Sts. c. 167,) and concludes in the statute form, that the defendant "ought not to be held to answer the plaintiff's writ." It seeks to have the writ abated for the reason that there was not such service upon the defendant as to give the court jurisdiction of its person. Giving all the effect claimed by the defendant to the averments of the answer, they are, that the defendant is a foreign corporation, that it had no usual place of business in this Commonwealth, that no property was attached on the writ, and that the person on whom service of the writ was made was not its agent, and was not authorized to receive service of process for it.

The objection is that this is not an answer in abatement, but to the jurisdiction or in bar. We agree that the substance, and not the form, of the answer should be looked at, to determine the nature of the defence set up by it, but we think that it is settled by the more recent decisions of this court that the substance of this answer must be taken to be matter in abatement, though formerly the rule may have been otherwise, as indicated in *Rea* v. *Hayden*, 3 Mass. 24; *Lawrence* v. *Smith*, 5 Mass. 362; *Tingley* v. *Bateman*, 10 Mass. 343. It is held by a series of decisions that a non-resident natural person who is out of the Commonwealth, and amenable to process here only by the attachment of his property, can plead in abatement that the property attached

on the writ as his was not in fact his.   *Gardner* v. *Barker,* 12
Mass. 36.   *Jacobs* v. *Mellen,* 14 Mass. 132.   *Guild* v. *Richard-
son,* 6 Pick. 364.   *Nye* v. *Liscomb,* 21 Pick. 263.

In *Bartol* v. *Stanwood,* 7 Cush. 115, which was an action
against a non-resident, in which the only service of the writ was
by attachment of property, it was held that a plea that the prop-
erty was not his was a plea in abatement, on which the judgment
of the Court of Common Pleas was final, under the St. of 1840,
c. 87.   *Richmond* v. *Whittlesey,* 2 Allen, 230, was a case in which
a resident of the State of New York who was served with process
in this Commonwealth answered in abatement, that he was not
amenable to the jurisdiction of the court, because he was brought
into this Commonwealth on a requisition to answer an indict-
ment, and was in attendance at court to answer thereto when
he was served with process, and that the indictment and requisi-
tion were procured by the plaintiff for the purpose of enabling
him to make such service on the defendant.   It was held that
the judgment of the Superior Court on the answer was final,
under the Gen. Sts. c. 115, § 7.   In *Wood* v. *Mann,* 1 Sumner,
578, it was held that the residence of a party as affecting the
jurisdiction of the court must be pleaded in abatement.

We cannot distinguish in principle the cases cited from the
case at bar.   There is no more jurisdiction over the person of a
non-resident natural person, not within the Commonwealth, than
there is over a foreign corporation, and the courts of this Com-
monwealth acquire no more jurisdiction of the person of the one
than of the other by the attachment of property.   Any jurisdic-
tion over persons or property in either case must be derived
from statute.   The difference is that the statute (Pub. Sts.
c. 164, § 1) prohibits an action against a non-resident natural
person unless an attachment of his property is made on the
writ; and the Pub. Sts. c. 105, § 28, make corporations of
other States having property in this Commonwealth liable to
be sued here, and their property liable to attachment, as if they
were natural persons resident of other States.   The jurisdiction
of the Commonwealth over foreign corporations coming into this
State by their agents to do business has long been exercised in
relation to insurance companies, by making them personally
amenable to the jurisdiction of its courts, and was extended by

the St. of 1884, c. 330, to all foreign corporations having a usual place of business in this Commonwealth, by requiring them to appoint an attorney to receive service of process upon them. We see no reason that a different rule of pleading should apply in an action against a natural person and an action against a corporation. In each case the court has general jurisdiction of the person, so that the want of service of process may be waived. In the case at bar, the writ and service apparently gave the court jurisdiction of the defendant.

In *Greenwood* v. *Lake Shore Railroad*, 10 Gray, 373, the defendant was described in the writ as a foreign corporation, and the like service was made as in this case. No objection to the service was taken in that case. The question we are considering is only in what form and under what rules a defendant corporation may bring before the court the facts, not appearing on the writ and return, that show that it is not bound to answer to the process of the court. We do not find in the decisions of this court any distinction in this respect between non-resident natural persons and foreign corporations. *Peckham* v. *North Parish in Haverhill*, 16 Pick. 274, decided that a plea in abatement of the non-joinder of a parish in New Hampshire as co-contractor and defendant was bad, on the ground that the New Hampshire parish was not liable to be sued in this State. The court say: "It is a sufficient objection to the plea, that it does not aver any fact to show, that the society in Plaistow was liable to be sued in this Commonwealth; and we think it was not liable, because no writ can, by our laws, be legally served against a corporation in another State." The reason applies equally to a non-resident natural person.

For cases in which the jurisdiction of the courts of this Commonwealth over foreign corporations is considered, see *Silloway* v. *Columbia Ins. Co.* 8 Gray, 199 ; *Smith* v. *Mutual Life Ins. Co.* 14 Allen, 336 ; *Folger* v. *Columbian Ins. Co.* 99 Mass. 267 ; *National Bank of Commerce* v. *Huntington*, 129 Mass. 444 ; *Desper* v. *Continental Water Meter Co.* 137 Mass. 252; *Lewis* v. *Northern Railroad*, 139 Mass. 294. In *Andrews* v. *Michigan Central Railroad*, 99 Mass. 534, it was decided that a corporation of another State having a usual place of business in this Commonwealth could be sued here only by an attachment of its

property, or by virtue of other statute provisions, like those relating to foreign insurance companies. Such provisions are now extended to all foreign corporations. The objection was apparent on the record in that case, and was taken by motion to dismiss, and carried up by appeal. No question was suggested of the right of appeal. Had the fact that the defendant was a foreign corporation not appeared in the writ, and had that fact been pleaded in abatement, we think that in that case, as in this, there would have been no right of appeal from the judgment upon the answer.                    *Appeal dismissed.*