# HENRIETTA MINING AND MILLING COMPANY *v.* JOHNSON.

173 221]
[173 226]

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 189.  Submitted January 16, 1899. — Decided February 27, 1899.

Personal service of a summons, made in the Territory of Arizona upon the general manager of a foreign corporation doing business in that Territory, is sufficient service under the laws of the Territory to give its courts jurisdiction of the case.

THIS was an action instituted by Johnson in the district court of Yavapai County, Arizona, to obtain a judgment against, and to establish a lien upon, the property of the Mining Company, an Illinois corporation, for work and labor done and material furnished, and to fix the priority of such lien over certain other lienholders who were also made defendants. The plaintiff, in an affidavit annexed to the complaint, made oath that "H. N. Palmer is the general manager of the said Henrietta Mining and Milling Company, and in charge of the property of the said company in the said county of Yavapai," and that said company "has no resident agent in the said county of Yavapai and Territory of Arizona, as is required by law, and this affiant causes a copy of this notice of lien to be served upon the said H. N. Palmer, as the general manager of said company."

A summons was issued, and a return made by the sheriff that he had "personally served the same on the 9th day of July, 1894, on the Henrietta Mining and Milling Company, by delivering to H. N. Palmer, superintendent and general manager of said company, . . . being the defendants named in said summons, by delivering to each of said defendants personally, in the city of Prescott, county of Yavapai, a copy of summons, and a true copy of the complaint in the action named in said summons, attached to said summons."

Default having been made, judgment was entered against the company personally, with a further clause that plaintiff have a lien upon its property in the sum of $5748.57. The case

was taken to the Supreme Court of the Territory by writ of error, where the judgment was modified by striking out the lien upon the property, and in all other respects was affirmed, and a new judgment entered against the sureties upon the supersedeas bond.

Whereupon the Mining and Milling Company sued out a writ of error from this court, insisting, in its assignments of error, that "the said court below did not have jurisdiction of the person of defendant for the reason that no service had been had upon said defendant, either personal or constructive."

*Mr. William H. Barnes* and *Mr. Frank Asbury Johnson* for appellant.

*Mr. E. M. Sanford* and *Mr. Robert E. Morrison* for appellee.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

The affidavit of the plaintiff, and the return of the sheriff, each stated that Palmer was the general manager of the company. No evidence to the contrary was introduced, and the fact must therefore be assumed upon this record.

As the judgment of the district court was modified by the Supreme Court, it became simply a personal judgment against the company, and the only question presented is whether the service of a summons upon the general manager of the company was, under the laws of Arizona, a sufficient service upon the company itself.

Our attention is called to several sections of the Revised Statutes of Arizona, (1887) the first of which is part of a chapter entitled "Foreign Corporation" and provides: "Sec. 348. It shall be the duty of any association, company or corporation organized or incorporated under the laws of any other State or Territory . . . . to file with the secretary of this Territory and the county recorder of the county in which such enterprise, business, pursuit or occupation is proposed to be located, or is located, the lawful appointment of an agent, upon

whom all notices and processes, including service of summons, may be served, and when so served shall be deemed taken and held to be a lawful, personal service," etc.   There is no penalty provided for a failure to file such appointment, though in the next section, 349, it is declared that " every act done by it, prior to the filing thereof, shall be utterly void."   Beyond this disability, it is left optional with the corporation to file such appointment, and the record of this case shows that none such was filed by the plaintiff in error.

The second section is taken from that chapter of the Code of Civil Procedure entitled " Process and Returns ": " Sec. 704.   In suits against any incorporated company or joint stock association the summons may be served on the president, secretary or treasurer of such company or association, or upon the local agent representing such company or association, in the county in which suit is brought, or by leaving a copy of the same at the principal office of the company during office hours," etc.

There is a further provision in the same chapter, Sec. 712, that when it is made to appear by affidavit that the defendant " is a corporation incorporated under the laws of any other State or Territory or foreign country, and doing business in this Territory, or having property therein, but having no legally appointed or constituted agent in this Territory,   .   .   . the clerk shall issue a summons,   .   .   .   and said sheriff shall serve the same by making publication thereof in some newspaper," etc.; and by section 713, when the residence of defendant is known, the plaintiff, his agent or attorney, shall forthwith deposit a copy of the summons and complaint in the post office, postage prepaid, directed to the defendant at his place of residence.

It is insisted by the plaintiff in error that the service in this case upon its manager was ineffectual to bind the corporation, and that a personal judgment under it could only be obtained by complying with section 348 and serving upon an agent appointed in pursuance of that section ; and that this position holds good notwithstanding such appointment had never been made.   We are of opinion, however, that sections 348, 712

and 713, providing specially for service upon foreign corporations, were not intended to be exclusive, and were merely designed to secure a special mode of service in case the corporation had ceased to do business in the Territory, or had no local or official agent appointed in pursuance of section 348. Not only is the language of section 348 permissive in the use of the words "may be served" upon the agent appointed under the statute, but the general language of section 704, taken in connection with the general subject of the statute, "Process and Returns," indicates that no restriction was intended to domestic corporations; and that the words "any incorporated company or joint stock association" are as applicable to foreign as to domestic companies. No penalty is imposed upon foreign corporations for failure to file the appointment of an agent under section 348, and the only disability which such failure entails is its incompetence to enforce its rights by suit. If, as contended by the plaintiff in error, the remedy against the foreign corporation be confined to service of process upon such appointed agent, it results that, if the corporation does not choose to file such appointment, intending suitors are confined to the remedy by publication provided by section 712, which, under the decisions of this court, would be ineffectual to sustain a personal judgment. *Pennoyer* v. *Neff*, 95 U. S. 714.

It is incredible that the legislature should have intended to limit its own citizens to such an insufficient remedy, when the corporation is actually doing business in the Territory and is represented there by a manager or local agent.

The cases cited by the plaintiff in error do not sustain its contention. In the *Southern Building and Loan Association* v. *Hallum*, 28 S. W. Rep. 420, it was held by the Supreme Court of Arkansas, under a statute similar to section 348, that a service made on an agent in a county other than that in which the action was begun, and which failed to show that he had been designated as prescribed, was insufficient to authorize a judgment by default. Obviously, by section 348, it is intended that service may be begun in any county and served upon the appointed agent, and all for which this case

is authority is that, if it be served upon any other agent, the action must be brought in the county where such agent is served. The opinion of the court was put upon this ground. In the case under consideration, Palmer, the superintendent, was served in the county of Yavapai, where the suit was begun.

The case of the *State* v. *United States Mutual Accident Association*, 67 Wisconsin, 624, is against the proposition for which it is cited. In that case service of a summons upon an unlicensed foreign insurance company, by delivering a copy to an agent of the company, was held to be sufficient, the defendant never having made an appointment of an agent under the statute. Said the court: "If the argument of counsel, to the effect that section 1977 only relates to agents of such foreign insurance companies as are duly licensed to do business within this State, is sound, then there would be no possible way of commencing an action against an unlicensed foreign insurance company doing business in this State in violation of the law. In other words, such construction would reward such foreign insurance companies as refused to pay the requisite license, by enabling them to retain the license money and then shielding them from the enforcement of all liability, whether on their contracts or otherwise, in the courts of Wisconsin. Such construction would defeat the whole purpose and scope of the statute."

The cases from Michigan are too imperfectly reported to be of any practical value. In *Desper* v. *The Continental Water Meter Company*, 137 Mass. 252, the service of a bill in equity by subpœna upon the treasurer of a foreign corporation, was held to be unauthorized by any statute, and also that there was no method of bringing it in except by means of an attachment of its property. Neither this nor that of *Lewis* v. *Northern Railroad*, 139 Mass. 294, is in point.

We are of opinion that the service upon Palmer was sufficient, and the judgment of the Supreme Court of Arizona is therefore ———— *Affirmed.*