## KATIE KENNEDY *vs.* ANGUS McLELLAN.

Suffolk.    November 20, 1906. — January 3, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Abatement, Appeal.    *Statute.    Bastardy.    Superior Court. Jurisdiction.*

While the exception to the right of appeal from a judgment of the Superior Court to this court contained in R. L. c. 173, § 96, which was repealed by St. 1906, c. 342, § 2, was in force, a judgment on an answer in abatement was final although the defence set up in it was one of substance relating to the jurisdiction of the court.

Under the exception to the right of appeal from a judgment of the Superior Court to this court contained in R. L. c. 173, § 96, which was repealed by St. 1906, c. 342, § 2, where a defendant in answer to a complaint in bastardy process under R. L. c. 82, pleaded, in a so called plea of abatement, to the jurisdiction of the court, and moved that the complaint be abated because it did not allege that he either lived or had his usual place of business within the judicial district of the court or in the county in which the complaint was made, it was *held*, that, even assuming that the plea in abatement, although so entitled, could be treated as a motion to dismiss, yet as such a motion it should be denied, as in cases under R. L. c. 82 it is the Superior Court which has jurisdiction, and the proceedings in the police, district or municipal court are merely initiatory, so that it is sufficient if the process is brought to a hearing in the county or judicial district in which either the complainant or the defendant resides.

A complaint in bastardy process under R. L. c. 82 may be brought in the county where either of the parties lives.

SHELDON, J.    This is a complaint brought under R. L. c. 82, in the Municipal Court of the Dorchester District of the City of Boston.    It appears by the allegations of the complaint that the complainant was a resident of that district and the defendant was a resident of Milton in the county of Norfolk.    The defendant seasonably filed in that court a so called plea in abatement, in which he said that he pleaded to the jurisdiction of the court and moved that the complaint be abated because it did not allege that he either lived or had his usual place of business within the judicial district of that court or in the county in which the complaint was made, and because he did not live or have his usual place of business within said district or county. This plea was overruled, and he was held to appear at the Superior Court, under R. L. c. 82, § 9.    In that court he renewed his former plea ; it was overruled, and he was found guilty by

the jury; and the case now comes before us on his appeal from the order overruling his plea in abatement.

The first question to be considered is whether the appeal is rightly before us under the provision of R. L. c. 173, § 96, excepting a judgment upon an answer in abatement from the general permission given to any party aggrieved by a judgment of the Superior Court to appeal to this court. This exception, though now repealed by St. 1906, c. 342, § 2, was in force at the time that this appeal was taken. If the defendant's plea were to be regarded as strictly an answer in abatement, we cannot doubt that the order of the Superior Court made thereon would be final. *Young* v. *Providence & Stonington Steamship Co.* 150 Mass. 550. *Willard* v. *Stone*, 13 Gray, 475. *Morey* v. *Whittenton Mills*, 8 Cush. 374. *Guild* v. *Bonnemort*, 156 Mass. 522. This would make it necessary to dismiss the defendant's appeal.

Assuming however that this plea in abatement, though entitled as such, should yet, at least so far as the first cause therein assigned is concerned, be treated as a motion to dismiss, (as to which see *Young* v. *Providence & Stonington Steamship Co.* 150 Mass. 550, 554,) yet the contention of the defendant cannot be sustained. It is the Superior Court that has jurisdiction in these cases; the proceedings in the police, district or municipal court are merely initiatory; and it is quite sufficient if such a suit is brought to a hearing in the county or judicial district in which either the complainant or the defendant resides. *Garlick* v. *Bartlett*, 4 Allen, 365. *Williams* v. *Campbell*, 3 Met. 209, 211. *Gallary* v. *Holland*, 15 Gray, 50. The language of R. L. c. 82, §§ 2, 3, clearly leads to the same conclusion. Indeed, in the opinion of the court in *Williams* v. *Campbell, ubi supra*, it is expressly stated that these suits come within the statute " which provides that ' all transitory actions, between parties who both live within the State, shall, except in cases in which it is otherwise provided, be brought in the county where one of the parties lives.' " This provision, with some changes immaterial to this case, is now contained in R. L. c. 167, § 1.

The decree of the Superior Court must be affirmed.

*So ordered.*

*E. W. Brewer & H. H. Pratt*, for the defendant.
*J. R. McVey & E. M. Shanley*, for the plaintiff.