## Nelson v. Deming Inv. Co.

No. 1989, Okla. T.	Opinion Filed June 26, 1908.

(96 Pac. 742.)

1. **CORPORATIONS — Foreign Corporations—Actions—Service of Process.** Section 1227, Wilson's Rev. & Ann. St. 1903, providing that any action to which a foreign corporation may be the party defendant may be brought in the county where its designated agent resides or in any county in which the business, or any part of it out of which the action arose, is transacted, service upon such agent shall be taken and held as due service upon such corporation, not being in conflict with Act Cong. May 2, 1890, c. 182, sec. 10, 26 Stat. 81 (Organic Act), requiring that all actions shall be instituted in the county in which the defendants or either of them reside or may be found, is valid.

2. **SAME—Venue—Action Concerning Realty.** An action affecting an interest in real estate in this state where the real estate is situated in one county and the defendant is a foreign corporation having a designated agent residing in another county may be instituted in the county where the land is situated, and service had upon such agent in another county.

(Syllabus by the Court.)

*Error from District Court, Grant County; James K. Beauchamp, Judge.*

Action to quiet title by Albert J. Nelson against the Deming Investment Company. Judgment for defendant, and plaintiff brings error. Reversed.

On the 24th day of July, 1905, the plaintiff in error commenced his action in the district court of Grant county against the defendant in error, setting forth in his petition the existence of a certain contract which defendant in error held and had procured to be recorded in the office of the register of deeds of Grant county, claiming a lien on certain lands located in said Grant county, and that the same was a cloud on the title to said land, and asking that the same be removed and the title quieted in plaintiff. The plaintiff further shows and states in said petition that the defendant in error is a foreign corporation organized under the laws of the state of Kansas, and that it has complied with the laws of the territory relative to foreign corporations, and named Robert P. Carpenter as its agent for service of process in the territory. On the same day a precipe for summons was filed and summons was duly issued out·of said court, directed to the sheriff of Oklahoma county, in said territory, as asked in said precipe, to be served on Robert P. Carpenter, the agent of said company, which summons was returned and filed August 2, 1905.

On the 8th day of August, 1905, the defendant in error, by its attorneys, Snyder & Clark, made special appearance in said action, and moved the court to set aside the service of the said summons for various reasons. On the same day of the filing of said motion, August 8, ·1905, there was issued out of said court an alias summons, directed to the sheriff of Oklahoma county. The said alias summons was duly returned, served by the sheriff of Oklahoma county, on August 15, 1905, as having been served on Robert P. Carpenter, the agent of the defendant in error company, in Oklahoma county. On August 31, 1905, the defendant in error, by its attorneys, again made special appearance, and moved the court to quash and set aside the alias summons, which said motion was heard by the court on the 11th day of

September, 1905, and sustained by the court, the summons set aside and quashed, and judgment rendered against the plaintiff in error for costs. Exceptions were duly saved. Whereupon the plaintiff in error took time to prepare a case-made, and this case, by question upon petition in error, being transferred from the Supreme Court of the territory of Oklahoma, is presented here for review.

C. S. *Ingersoll* and *Sam P. Ridings,* for plaintiff in error.
*Snyder & Clark,* for defendant in error.

WILLIAMS, C. J. (after stating the facts as above). The sole question raised in this record is the right of the plaintiff in error to bring a suit in Grant county to have a cloud removed from lands located in said county, and serve the summons on the designated agent of a foreign corporation in another county. That is, whether or not a foreign corporation that has complied with section 1227, Wilson's Rev. & Ann. St. 1903, as to designating an agent upon whom service could have been had within that territory is in conflict with the provisions of section 10 of the organic act, providing that actions shall be brought in the county in which the defendants or one of them resides or may be found.

In the case of *Burke v. Malaby et al.,* 14 Okla. 651, 78 Pac. 105, suit was brought by the plaintiff in error, Joseph Y. Burke, in the district court of Garfield county, against the defendants in error, W. B. Malaby and Thomas Gosnell, for the purpose of procuring a decree to quiet the title to land in Woods county. The court there held that, in so far as it related to resident defendants, the provisions of the organic act required that the action must be instituted in the county in which one of the defendants resided or might be found. It is not necessary now to determine whether or not we should follow that case. Section 1225, Wilson's Rev. & Ann. St. 1903, provides:

"No corporation created or organized under the laws of any other state or territory shall transact any business within this territory, or acquire, hold, and dispose of property, real, personal,

or mixed, within this territory, until such corporation shall have filed in the office of the Secretary of the Territory, a duly authenticated copy of its charter or articles of corporation, and shall have complied with the provisions of this article: Provided, That the provisions of this act shall not apply to corporations or associations created for religious or charitable purposes solely."

Section 1227, Wilson's Rev. & Ann. St. 1903, provides:

"Such corporation shall appoint an agent, who shall reside at some accessible point in the territory, in the county where the principal business of said corporation shall be carried on, or at some place in said territory, if such corporation has no principal place of business therein, duly authorized to accept service of process and upon whom service of process may be made in any action in which said corporation may be a party; and that any such action may be brought in the county in which the business, or any part of it, out of which said action arose, was transacted; and service upon such agent shall be taken and held as due service upon such corporation."

The agent upon whom service was had is not the defendant in this suit. The section of the statute which authorizes the defendant to do business in the territory of Oklahoma provides how service should be obtained upon it without regard to any residence. At common law there is no way in which process can be served upon a foreign corporation, and, as a rule, it is only by statutory provision that service can be had on such corporation. *Clark v. New Jersey Steam Nav. Co.*, 1 Story (U. S.) 531, Fed. Cas. No. 2,859; *Desaper v. Continental Water Meter Co.*, 137 Mass. 252; *Lewis v. Northern R. R. Co.*, 139 Mass. 294, 1 N. E. 546; *Sullivan v. La Crosse, etc., Steam Packet Co.*, 10 Minn. 386 (Gil. 308); *McQueen v. Middleton Mfg. Co.*, 16 Johns. (N.Y.) 6; *Barrnett v. Chicago & Lake H. R. R. Co.*, 4 Hun. (N. Y.) 114; *Peckham v. North Parish*, 16 Pick. (Mass.) 286.

In the case of *Van Dresser v. Oregon R. R., etc., Co.* (C. C.) 48 Fed. 202, the court says:

"By numerous decisions it is established as a part of the common law of this country that where a state makes conditions upon which a foreign corporation may do business, and provides

a method whereby the courts of the state may acquire jurisdiction over them by a service of process designating agents within the state, a foreign corporation subsequently doing business in the state is deemed to consent to the conditions and to be bound by the service of process in the manner specified by the statute."

In the case of *Reyer v. Odd Fellow Accident Ass'n*, 157 Mass. 373, 32 N. E. 471, 34 Am. St. Rep. 288, the court says:

"It therefore sufficiently appeared that the defendant was so served with process as to give the court of Indiana jurisdiction, unless it was beyond the power of the Legislature of Indiana to enact the statutes quoted. Of this power there can be no question. Corporations are not entitled under article 4, § 2, Const. U. S., 'to all privileges and immunities of citizens in the several states.' Any state may, within limitations not material to the present case, prescribe the terms and conditions on which foreign corporations may act therein; and this power undoubtedly allows the state to prescribe the mode of service of process of its courts upon a foreign corporation doing business there. *Lafayette Ins. Co. v. French*, 18 How. (U. S.) 404, 15 L. Ed. 451; *Paul v. Virginia*, 8 Wall. (U. S.) 168, 19 L. Ed. 357; *Doyle v. Continental Ins. Co.*, 94 U. S. 535, 24 L. Ed. 148; *Ex Parte Schollenberger*, 96 U. S. 369, 24 L. Ed. 853; *Railroad Co. v. Koontz*, 104 U. S. 5, 11, 26 L. Ed. 643; *Gloucester Ferry Co. v. Pennsylvania*, 114 U. S. 196, 5 Sup. Ct. 826, 29 L. Ed. 158; *Philadelphia Fire Ins. Ass'n v. New York*, 119 U. S. 110, 7 Sup. Ct. 108, 30 L. Ed. 342; *Attorney General v. Bay State Mining Co.*, 99 Mass. 148, 96 Am. Dec. 717; *National Bank of Commerce v. Huntington*, 129 Mass. 444, 449; *Johnston v. Traders' Ins. Co.*, 132 Mass. 432; *Wilson v. Marlin-Wilson Automatic Fire Alarm Co.*, 149 Mass. 24, 20 N. E. 318. Such statutes have often been declared to be neither unreasonable in themselves, nor in conflict with any principle of public law, and their purpose in compelling corporations which do business in a certain jurisdiction to submit to the domestic forum the questions arising therefrom is held to be 'highly proper.' *Lafayette Ins. Co. v. French, ubi supra; Gillespie v. Commercial Ins. Co.*, 12 Gray (Mass.) 201, 71 Am. Dec. 743; *Gibson v. Manufacturers' Ins. Co.*, 144 Mass. 81, 10 N. E. 729."

*Merchants' Mfg. Co. v. Grand Trunk Ry. Co.*, 63 How. Prac. (N. Y.) 459; *Railroad Co. v. Harris*, 12 Wall. (U. S.) 65, 20

L. Ed. 354; *Railroad Co. v. Whitton,* 13 Wall. (U. S.) 270, 20 L. Ed. 571; *Bawknight v. Liverpool,, London & Globe Ins. Co.,* 55 Ga. 195; *Newby v. Colt's Patent F. A. Co.,* L. R. 7 Q. B. Cas. 293; *National Cond. Milk Co. v. Brandenburg,* 40 N. J. Law, 111; *Hartford Ins. Co. v. Carrugi,* 41 Ga. 671; *Knott v. Southern Life Ins. Co.,* 2 Woods (U. S.) 497, Fed. Cas. No. 7,894; *National Bank of Commerce v. Huntington,* 129 Mass. 444; *Barnett v. Chicago & Lake H. R. R. Co.,* 4 Hun (N. Y.) 114; *Ex parte Schollenberger,* 96 U. S. 369, 24 L. Ed. 853, overruling *Day v. Newark Ind. Rub. Co.,* 1 Blatchf. (U. S.) 628, Fed. Cas. No. 3,685; *Pomeroy v. New York & H. R. R. Co.,* 4 Blatchf. (U. S.) 121, Fed. Cas. No. 11,261; *Myers v. Dorr,* 13 Blatchf. (U. S.) 22, Fed. Cas. No. 9,989; *Humee v. Pittsburg & Cincinnati Ry. Co.,* 8 Bliss. (U. S.) 31, Fed. Cas. No. 6,865.

The appointment of an agent or attorney to receive service of process in accordance with the requirements of a statute amounts to consenting to the statute, and binds the corporation. *Capen v. Pac. Mut. Ins. Co.,* 25 N. J. Law, 67, 64 Am. Dec. 415; *Carstairs v. Mechanics' & Traders' Ins. Co.* (C. C.) 13 Fed. 823; *Kentucky Mutual Soc. Fund Co. v. Logan's Adm'r,* 90 Ky. 364, 14 S. W. 337.

In the case of *Hawn v. Pennsylvania Canal Co.,* 154 Pa. 455, 26 Atl. 544, it is held that under the act of March 17, 1856 (P. L. 388) providing for service in certain instances outside of the county in which the suit is brought, service upon an officer in a county other than that in which the suit is brought is valid. In the case of *Sattler v. Aultman Machinery Co.,* 6 Pa. Dist. R. 419, it is held that a person designated by a foreign corporation to receive service is regarded as a resident of each and every county of the state, and service may be had upon it in any county of the state.

In the case of *Central Loan & Trust Co.. v. Campbell,* 173 U. S. 97, 19 Sup. Ct. 351, 43 L. Ed. 623, the court says:

"It is insisted that under the organic act of the territory [Oklahoma] the court could not acquire jurisdiction of the per-

son of the defendant by constructive service by foreign attachment without his consent. The section of the organic act referred to requires that all civil actions shall be brought in a county where the defendant resides, or can be found. In a proceeding by attachment of property, which is in the nature of an action *in rem*, it is elementary that the defendant is found, to the extent of the property levied upon, where the property is attached. It would be an extremely strained construction to the language of this act to hold that Congress intended to prohibit a remedy universally pursued, that of proceeding against the property of nonresidents in the place of the territory where the property of such nonresident is found." (5 Okla. 596, 49 Pac. 48.)

In the case of *Cal. Southern Ry. Co. v. Southern Pac.* (Cal.) 4 Pac. 345, the court says:

"There is no law, statutory or common, in this state which defines the place of residence of a corporation. The fact that the residence of the officers and agents of a corporation is in a particular county does not in our judgment make such county the place of residence of the corporation. If such residence of officers in a particular county makes such county the place of residence of the corporation, how will it be when some of the officers reside in one county and some in another? We are referred to no law making the county where the principal place of business of a corporation is situated the place of its residence; and under these circumstances we have no authority to hold such to be its place of residence."

We conclude that the court committed error when it sustained the motion of the defendant to quash the service of the alias summons. The defendant in this case being a nonresident corporation, this action can be maintained not only in the county in which the defendant's agent resides, but also in the county in which the business, or any part of it out of which this action arose is transacted.

Therefore the judgment of the lower court is reversed, with instructions to overrule defendant's motion to quash, and to require defendant to plead to plaintiff's petition.

All the Justices concur.