WILLIAM H. DEVOY *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Suffolk. March 9, 1892. — March 29, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Negligence — Report of Accidents to Railroad Commissioners.*

In an action for personal injuries occasioned to the plaintiff's intestate, while wrongfully on one of the defendant's trains, by being pushed therefrom, while it was in motion, by one of the defendant's servants, it was *held* that there was no error in the refusal to permit the plaintiff to show that the defendant had been notified by the railroad commissioners to report accidents of this kind as required by the Pub. Sts. c. 112, § 208, and had failed to report this one.

KNOWLTON, J. The plaintiff's evidence tended to show that on July 21, 1882, his intestate, William H. Devoy, then fourteen years old, while wrongfully on one of the defendant's freight trains at Hinsdale in Berkshire County, and while it was in motion, was pushed off the train by one of the defendant's brakemen, and was run over and severely injured.

By the Pub. Sts. c. 112, § 208, every railroad corporation is required to give notice within twenty-four hours to the board of railroad commissioners of any accident on its railroad attended with loss of life, "or of any accident falling within the description of accidents of which the board may require notice to be given." Section 18 of the same chapter provides that "the board shall investigate the causes of any accident on a railroad resulting in loss of life; and of any accident not so resulting, which it may deem to require investigation."

The plaintiff's intestate brought his suit on March 16, 1887, and died on May 2, 1887, nearly five years after the injury. The only question raised by this bill of exceptions is whether there was error in the refusal to permit the plaintiff to show that the defendant had been notified by the railroad commissioners to report accidents of this kind, and had failed to report this one. The only ground on which it is contended that the evidence is competent is, that it tends to show an intentional concealment of the truth from the plaintiff's intestate, and so points to a consciousness of liability on the part of the defendant. The answer to this contention is, that there is no necessary or natural connection between a failure to report this accident under the circumstances shown and a purpose to conceal the facts from the plaintiff's intestate with a view to embarrass him in reference to a possible claim for damages. There is nothing in the case to indicate such a purpose; and it is improbable that the defendant could have expected to prevent a suit, or to strengthen the defence of a suit, in this way. In the first place the plaintiff's intestate was alive, and he knew all the circumstances of the injury. The facts which he relied on are simple; and if he was pushed off a freight train by a brakeman, the defendant could hardly have expected to conceal from him anything material to his case. On commencing a suit he would have a right to file interrogatories to the defendant, and compel answers. The defendant could not have expected to prevent an official investigation, if the case was such as the railroad commissioners were accustomed to investigate. An investigation would naturally follow information furnished by the injured person, or derived from any other source. If the injury was caused as the plaintiff says it was, very likely no one but the brakeman and the plaintiff's intestate knew of it; and it is far more probable that the accident never came to the knowledge of the officers of the corporation, than that they deliberately disregarded an order of the railroad commissioners with a view to conceal facts from the injured person, and to embarrass him in the prosecution of a just claim. If the defendant knew of the accident, the failure to report it may have been a mere inadvertence, or, if it was intentional, the omission is as likely to have been for other reasons as to suppress evidence pertinent to the plaintiff's case.

There was no such connection between the fact offered to be proved and the inference which the plaintiff sought to draw from it as to make it competent.

*Exceptions overruled.*

*E. H. Pierce*, for the plaintiff.

*S. Hoar*, for the defendant, was not called upon.