FRANCIS E. BURROWS *vs.* GEORGE N. MORTON.

Suffolk.    March 7, 1898. — March 30, 1898.

Present: ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Motion to Dismiss — Statute — Appeal.*

By Pub. Sts. c. 152, § 10, and c. 153, § 8, the decision of the Superior Court upon a motion to dismiss for defect of form of process is final, and no appeal lies.

APPEAL, from the order of a judge of the Superior Court, allowing the defendant's motion to dismiss for want of proper service upon him. The facts appear in the opinion.

*F. W. Moore*, for the plaintiff.

*W. O. Kyle*, for the defendant.

ALLEN, J. A motion to dismiss was allowed in the Superior Court, and judgment was ordered for the defendant. The plaintiff having appealed to this court, the first question for us to consider is whether we have power to revise the action of the Superior Court. By Pub. Sts. c. 152, § 10, and c. 153, § 8, the decision of that court upon a motion to dismiss for defect of form of process is final, and no appeal lies. The ground of the dismissal of the action was as follows. The action was originally brought in the Municipal Court of the city of Boston. Both the plaintiff and the defendant were residents of New York, but the residence of the plaintiff was not stated in the writ. By Pub.

Sts. c. 154, § 60, that court has jurisdiction of non-resident defendants only when the plaintiff resides or has his usual place of business within the county of Suffolk, or resides out of the Commonwealth. The plaintiff in fact resided out of the Commonwealth, but this did not appear by his writ. The only real ground on which the motion to dismiss rested was the omission to state the plaintiff's residence in the writ. The service was made by arresting the body of the defendant, and he contended also that this arrest was illegal, and the service of the writ null and void. It thus appears that the motion to dismiss was essentially for defect of form of process, in failing to state in the writ the fact of the plaintiff's residence, which, it was contended, must be stated in order that it should appear on the face of the writ that the Municipal Court had jurisdiction. This view was adopted by the Superior Court, and its decision cannot be revised by us. *Bassett* v. *Howarth*, 104 Mass. 224. *Young* v. *Providence & Stonington Steamship Co.* 150 Mass. 550.

This case does not fall within the principle of those cases where it has been held that jurisdiction over a non-resident, upon whom no legal service has been made, cannot be acquired by overruling a motion to dismiss. *Kimball* v. *Sweet*, 168 Mass. 105. *Allin* v. *Connecticut River Lumber Co.* 150 Mass. 560.

The allowance of the amendment, by inserting an averment of the plaintiff's residence, does not have the effect to give us jurisdiction. The defendant contends that he was not legally brought before the court, and that after the allowance of the amendment the plaintiff should have caused a new service to be made. However that may be, the decision upon the motion to dismiss was final.

*Judgment affirmed.*