JOHANNA A. FENTON *vs.* PATRICK KANE & trustee.

Hampden.     April 1, 1904. — June 21, 1904.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil*, Abatement.

Under R. L. c. 173, § 76, the decision of a judge of the Superior Court upon a plea in abatement is final.

CONTRACT for $16.50 for use and occupation of a tenement during June, July and August, 1903.     Writ in the Police Court of Holyoke dated October 7, 1903.

The American Writing Paper Company, a corporation organized under the laws of New Jersey, was summoned as trustee by the delivery of a copy of the writ to its treasurer and of another copy to its paymaster.     The alleged trustee pleaded in abatement, that it was a foreign corporation having a usual place of business at Holyoke and had complied with the provisions of St. 1903, c. 437, § 58, but that no service had been made upon the commissioner of corporations of the Commonwealth in accordance with the terms of that act.     The defendant was defaulted.

On appeal to the Superior Court a judge of that court upon an agreed statement of facts ordered that the plea in abatement be sustained and the trustee be discharged.     The plaintiff appealed.

*T. B. O'Donnell*, for the plaintiff.

*C. L. Long*, for the trustee.

KNOWLTON, C. J.   The question reported for our consideration is one of importance to the people of the Commonwealth. We have received intimations that, because it was submitted on an agreed statement of facts, with an expectation on the part of the judge and the counsel that the decision, whatever it might be, would come to this court for revision, the judge did not give the question so full consideration as he would have done had he supposed that his decision would be final.   Even if this was so, we are unable to discover any jurisdiction in this court to deal with the question.   It is provided in the R. L. c. 173, § 76, that decisions of a single justice " upon questions raised upon an answer or plea in abatement . . . shall be final."   This statute has often been before the court, and has been applied in many cases to deprive this court of jurisdiction.   *Guild* v. *Bonnemort*, 156 Mass. 522.   *Burrows* v. *Morton*, 170 Mass. 569.   *Smith* v. *Ferguson*, 168 Mass. 303.   *Young* v. *Providence & Stonington Steamship Co.* 150 Mass. 550, and cases cited.

In its nature and substance as well as in its form, the pleading of the trustee is an answer or plea in abatement.   Under our decisions such an answer, made by a trustee, is an answer in abatement, like a similar answer made by a principal defendant. *Thayer* v. *Ray*, 17 Pick. 166.   *Hooper* v. *Jellison*, 22 Pick. 250. This being an answer or plea in abatement, the decision of the single judge was final, and we cannot properly consider the question which the parties have attempted to present to us.

In *Harris* v. *Doherty*, 119 Mass. 142, it appears from the original papers, and one would infer from the report, that no question of jurisdiction was referred to by the parties or considered by the court.   The trustee's motion in that case was not an answer or plea in abatement, for it contained no averment of anything that did not appear of record.   It is doubtful whether it was a motion to dismiss ; still less does it appear to be a motion to dismiss for defect of form of process.

It is very plain that the case does not change the law stated in *Hooper* v. *Jellison* and in *Thayer* v. *Ray, ubi supra.*

*Appeal dismissed.*