FRANK M. POTTER & another *vs.* LAPOINTE MACHINE TOOL COMPANY

Suffolk.    November 19, 1908. — May 17, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil,* Abatement, Motion to dismiss, Appeal, Exceptions. *Jurisdiction. Corporation,* Foreign. *Municipal Court of the City of Boston. Words,* "Corporations," "Personal service."

By St. 1906, c. 342, amending R. L. c. 173, §§ 96, 106, the rights of appeal and exception are extended to judgments upon answers in abatement or motions to dismiss for defect of form of process.

The provision of R. L. c. 167, § 7, cl. 3, providing that, with certain exceptions, if one party to an action is a natural person and the other is a corporation other than a city, town or parish, the corporation may sue or be sued in any county in which it has an established or usual place of business or in which the natural person lives or has a usual place of business, only fixes the county of venue and has no effect to enlarge the powers of courts of limited jurisdiction.

R. L. c. 167, § 7, cl. 3, relating to the venue in actions where one party is a natural person and the other is a corporation other than a city, town or parish, does not apply to foreign corporations.

Apart from statute, the courts of this Commonwealth have no jurisdiction over a foreign corporation unless it appears voluntarily, except so far as its property may be attached, and then only to the extent of the property attached.

Under R. L. c. 167, § 2, a foreign corporation may be sued in the Municipal Court of the City of Boston by a person who has his usual place of business in Boston, by making personal service upon the commissioner of corporations, whom the defendant has appointed its attorney upon whom process may be served as required by R. L. c. 126, § 4, although the defendant has no property in the county of Suffolk and has no place of business in that county.

Under the provision of R. L. c. 167, § 2, that a police, district or municipal court shall have jurisdiction of a transitory action against a defendant who is not an inhabitant of the Commonwealth, under the conditions stated in that section, "if personal service or an effectual attachment of property is made within the Commonwealth," a service upon the commissioner of corporations in an action against a foreign corporation which has appointed such commissioner its attorney upon whom process may be served as required by R. L. c. 126, § 4, is a "personal service" within the meaning of the statute.

CONTRACT, between the parties afterwards described, upon an account annexed, the only item of the account being a charge of $45 as a commission on the sale of one broaching machine. Writ in the Municipal Court of the City of Boston dated March 28, 1907.

The defendant filed a motion to dismiss and also an answer in abatement. The grounds stated in the motion to dismiss were as follows:

"1. That it appears from the plaintiffs' writ and declaration that the defendant is a corporation and that an attachment of its goods and chattels was made at Hudson in our county of Middlesex.

" 2. That it does not appear from the writ or declaration that the defendant corporation has a place of business within the jurisdiction of this court.

" 3. That sufficient facts do not appear to bring the defendant corporation within the jurisdiction of this court."

The answer in abatement was as follows:

" And now comes the defendant, not admitting but denying the jurisdiction of the court over it in this action, and not waiving but relying upon its motion to dismiss heretofore filed in said cause, and says that it is a corporation organized under the laws of the State of Maine having its office and usual place of business in Hudson, in our county of Middlesex, that an attachment in this action was made upon it at said Hudson; and that it has not, nor is it alleged to have had, a place of business within the jurisdiction of the court at the date of the writ. Therefore it ought not to be held to answer the plaintiffs' writ."

The defendant, not waiving its motion to dismiss or its answer in abatement, also filed an answer to the merits containing a general denial.

Upon a hearing in the Municipal Court the defendant's motion to dismiss was allowed and the action was dismissed. The plaintiff appealed to the Superior Court.

At the hearing in the Superior Court before *Fessenden*, J., upon the defendant's answer in abatement, the following facts were admitted by the parties or appeared in evidence and were found by the judge:

The defendant is a manufacturing corporation duly organized under the laws of the State of Maine, and at the date of the writ

was established in this Commonwealth at Hudson, in the county of Middlesex, where it carried on in a factory of its own the business of making broaching and other machines and machine tools, and had its office and carried on all of its business there. At the date of the writ the defendant did not have and has not had since any property in the county of Suffolk, and did not have and has not had since any place of business in the county of Suffolk, unless, as contended by the plaintiff, the appointment by the defendant of the commissioner of corporations, before the date of the writ, as its attorney upon whom service of legal process might be made as required by R. L. c. 126, § 4, constituted the office of the commissioner a place of business of the defendant in the city of Boston. At the date of the writ the plaintiffs were copartners in business and had a usual place of business in Boston.

Upon the foregoing, which were all the facts material to the question of jurisdiction upon the answer in abatement, the defendant asked the judge to rule that the answer in abatement should be sustained. The judge refused to make this ruling, overruled the answer in abatement, and found for the plaintiff in the sum of $42.17. The defendant alleged exceptions.

The judge also denied the motion to dismiss; and the defendant appealed from the order denying the motion.

The case was argued at the bar in November, 1908, before *Knowlton*, C. J., *Morton*, *Hammond*, *Braley*, & *Rugg*, JJ., and afterwards was submitted on briefs to all the justices.

*R. E. Joslin*, (*F. E. Morris* with him,) for the defendant.

*H. W. Beal*, for the plaintiff.

RUGG, J. The single question raised relates to the jurisdiction of the Municipal Court of the City of Boston. The case comes before us on exceptions to an order overruling the defendant's plea in abatement, as well as by appeal from an order denying a motion to dismiss. This is proper practice under St. 1906, c. 342, which abrogates the rule expounded in *Fenton* v. *Kane*, 186 Mass. 136, and cases there cited.

This is an action at law brought in said court by copartners, having a usual place of business at Boston in the county of Suffolk, against a foreign corporation, having property and a usual place of business in the county of Middlesex. An attachment of property of the defendant was made in Middlesex

County, but service was made at Boston upon the commissioner of corporations under St. 1903, c. 437, § 58. This section, *inter alia*, requires every foreign corporation, having a place of business in this Commonwealth, to appoint the commissioner of corporations its attorney and to agree " that any lawful process against it which is served on said attorney shall be of the same legal force and validity as if served on it."

The plaintiff contends that its action is well brought under R. L. c. 167, § 7, cl. 3, which enacts, with exceptions not here material, that if one party is a natural person and the other a corporation other than a city, town or parish, it may sue or be sued in any county in which the corporation has an established or usual place of business or in which the natural person lives or has a usual place of business. This section, however, only fixes the county of venue; it does not settle the jurisdiction of the respective courts within the county, which is established by other sections of the Revised Laws (see c. 160, §§ 18–20, 59; c. 161, §§ 11, 12; c. 167, § 2; c. 181, § 2; c. 189, §§ 2, 4; c. 197, § 10; c. 200, §§ 3–5; c. 193, § 22; c. 191, § 2; c. 198, §§ 17, 23). It applies to courts of general jurisdiction. Its purpose is not to enlarge the powers of courts of limited jurisdiction. If the construction of this section sought for by the plaintiff is tenable, then the jurisdiction of all police, district and municipal courts for natural persons residing or having places of business within their territorial limits as to all corporations would be bounded only by the confines of the Commonwealth. This would be a far more extensive jurisdiction than is possessed where both parties are natural persons, as appears from an examination of the statutes last cited.

A superficial reading of R. L. c. 167, § 22, which determines the field of action of original writs issuing out of police, district or municipal courts, might seem at first sight to support the view for which the plaintiff argues. But a reference to its history and the report of the commissioners for the consolidating of the statutes demonstrates its unsoundness. It is clear that Pub. Sts. c. 154, §§ 16, 47, c. 183, § 5, and c. 175, §§ 2, 4, authorized writs issuing from any of the few local courts therein named to run into another county for service on a defendant only when one of several defendants lived within the district of

the court or, in trustee process, when the trustee lived within the district and the defendant in another county, and in actions for the summary recovery of land. This is equally clear when the laws relating to district and police courts were revised and consolidated in 1893. See St. 1893, c. 396, § 17, as amended by St. 1894, c. 398, § 2, and St. 1894, c. 431, § 2. The report of the "commissioners for consolidating and arranging the public statutes" shows that they intended no change in the pre-existing laws when R. L. c. 167, § 22, was framed. Although perhaps in the phrasing of § 22 something of lucidity was sacrificed to brevity, yet reading it in the light of these earlier statutes, to which it owes its present composition, it is manifest that the word "defendant" in line 6 does not stand alone, but is modified by the words in lines 9, 10 and 11 "in an action of summary process under the provisions of chapter one hundred eighty-one or in an action by the trustee process."

Original writs from police, district and municipal courts therefore run, throughout the county only, for service upon a defendant, and into other counties for attachment of property alone, except that they may also run into other counties for service on a defendant or defendants, where they live, in an action against several defendants, one of whom lives in the county within which the court is located, or in an action of summary process where the land in question is within the county of the court, or in a trustee process where those named as trustee or trustees dwell or have a usual place of business within the county of the court, except that jurisdiction is conferred upon the Municipal Court of the City of Boston in trustee process if one or more of several trustees live or have their usual place of business in the county of Suffolk. R. L. c. 189, §§ 2, 4; c. 181, § 2; c. 160, § 59; c. 167, § 22.

But for another reason R. L. c. 167, § 7, does not govern an action like the present. That section refers only to domestic corporations, and has no relation to foreign corporations. This becomes apparent when the history of the section is examined. It was enacted in substance the same as it now appears in 1836 by Rev. Sts. c. 90, § 16, which was long before any statute existed authorizing suits against foreign corporations. Its purpose as explained in *Raymond* v. *Lowell*, 6 Cush. 524, 529, was to fix

the domicil of domestic corporations for purposes of suit, it having been held in *Taunton & South Boston Turnpike Co.* v. *Whiting*, 9 Mass. 321, that a domestic corporation had no commorancy. There is no indication in the reports of the successive commissioners to revise the statutes of any intent to extend its provisions to foreign corporations. Frequently the word "corporations" as used in our statutes has been held to apply only to such as have been regularly established under the sovereign authority of this Commonwealth, and this is one of those instances. *Commonwealth* v. *Boston*, 97 Mass. 555.

The plaintiff further contends that the action is properly brought under that part of R. L. c. 167, § 2, which provides that municipal courts "shall have jurisdiction of a transitory action against a defendant who is not an inhabitant of this Commonwealth if personal service or an effectual attachment of property is made within the Commonwealth; and such action may be brought in any of said courts in the county in which the service or attachment was made" on the ground that the service was made in Suffolk County on the commissioner of corporations as the attorney of the defendant, and that hence the action is brought in one of the courts within the county in which the service is made.

The courts of this Commonwealth apart from statute have no jurisdiction over a foreign corporation unless it voluntarily appears, except so far as its property may be attached, and then only to the extent of the property attached. *Andrews* v. *Michigan Central Railroad*, 99 Mass. 534. *Desper* v. *Continental Water Meter Co.* 137 Mass. 252. *Eliot* v. *McCormick*, 144 Mass. 10. This defect of jurisdiction as to foreign life insurance companies was early remedied by St. 1852, c. 311, § 2, and then as to all foreign insurance companies by St. 1854, c. 453, §§ 32, 33, and St. 1856, c. 252, § 46 (Gen. Sts. c. 58, §§ 68, 69), and as to foreign express companies by St. 1871, c. 371, and as to foreign mining, quarrying and oil companies by St. 1882, c. 106, § 1, and finally as to all foreign business corporations by St. 1884, c. 330, § 1. Successive statutes required insurance corporations, whether fire, life, accident or fraternal beneficiary, to appoint the insurance commissioner such attorney, and other corporations to appoint the commissioner of corporations. An

examination in detail of these and kindred statutes touching the subject is here unnecessary, for there is nothing in them which indicates that the Legislature in enacting them was dealing with the venue of actions.

These statutes reveal an intent to subject all foreign corporations, which avail themselves of the opportunities of our markets, manufacturing facilities or the other business openings, fully to the jurisdiction of our courts.    Venue is different from jurisdiction.    It is one step to subject alien corporations to the power of our courts, but it is another step to provide to what particular tribunal they may be summoned in a given cause of action against them.    R. L. c. 167, § 2, prescribes the venue of actions brought in police, district and municipal courts.    In the final sentence of this section the words " a defendant who is not an inhabitant of this Commonwealth " are broad enough, taken in their natural sense, to include foreign corporations as well as other aliens.    There is nothing about these words which indicates that they were intended to be construed in any other than their ordinary and usual significance.    The words " personal service " could have no meaning as applied to a foreign corporation before the enactment of St. 1907, c. 332, except by including a service upon the commissioner of corporations, because a service upon the treasurer of such a corporation at its usual place of business here was no service at all.    Desper v. Continental Water Meter Co. 137 Mass. 252.    The result of such an interpretation would be that no jurisdiction could be had of such a defendant in any police, district or municipal court unless there was an attachment of its property.    In many instances this circumstance alone might compel a plaintiff to go to the Superior Court upon a small claim.    But if the debt or damage demanded was less than $100 in amount, then the Superior Court would be barred of jurisdiction, and the plaintiff could secure no relief.    R. L. c. 157, § 4; c. 160, § 18.    It cannot be presumed that the Legislature, when undertaking to confer jurisdiction upon our courts over foreign corporations, could have intended in many conceivable instances to deprive the holder of small claims of all opportunity to bring an action.    Such a construction should not be placed upon its language unless no other reasonable result can be reached.    The words " personal service "

as used in the statute apply to a service by process upon the person who is either the personal defendant or the person representing the foreign corporation as the one upon whom a lawfully binding service can be made. As to a personal defendant it is plain that service may be made upon him in whatever place he may be found, and the local court of that place has jurisdiction. Service upon the commissioner of corporations seems to be personal service within the scope of those words in the statute, and has the same effect to give jurisdiction as a service upon a personal defendant. R. L. c. 167, § 2, is the only general statute which settles the venue of actions in police, district and municipal courts. Unless foreign corporations are included within it, there is no comprehensive provision respecting them. There is no such inherent incompatibility between that kind of service which upon an alien individual is personal, and that service which must be made personally upon the commissioner of corporations, as to require us to hold R. L. c. 167, § 2, inapplicable to the latter kind of service.

The broad considerations here set forth lead to the conclusion that the Legislature intended personal service to have this meaning, and, as the language lends itself to that view, we so interpret it.

*Exceptions overruled.*
*Order appealed from affirmed.*