HELEN DELANEY *vs.* BERKSHIRE STREET RAILWAY COMPANY.

Berkshire.    September 9, 1913. — October 22, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Practice, Civil,* Exceptions, Conduct of trial: judge's charge, argument to jury. *Witness,* Disclosure of names.

In refusing to sustain an exception to the refusal of a presiding judge to give an instruction to the jury in the language requested although he gave it in substance, it was *said,* that the degree of amplification with which an applicable principle of law shall be stated to a jury as well as its phraseology rests almost wholly in the discretion of the presiding judge.

Where the defendant in an action of tort for personal injuries has waived a motion, which it had filed under St. 1911, c. 593, that the plaintiff should be compelled to disclose the names of his witnesses, upon an agreement of the plaintiff's counsel to furnish their names, and the plaintiff's counsel in furnishing the names has omitted one of them through an innocent inadvertence, it is proper for the presiding judge to rule that the defendant's counsel in his argument to the jury cannot comment upon the omission.

In an action of tort against a street railway company for personal injuries, where there is no question in regard to a failure of either party to produce evidence within his or its exclusive knowledge or control and where the plaintiff's counsel has not referred to the opportunity of the defendant to produce more witnesses than the plaintiff, it is proper for the presiding judge to refuse to allow the counsel for the defendant in his argument to the jury to refer to St. 1911, c. 593, which authorizes the court to compel either party upon terms to disclose the names and addresses of its witnesses.

RUGG, C. J.    This is an action of tort for personal injuries received by a traveller with a horse and vehicle upon the highway through an alleged collision with a car of the defendant.    The evidence was conflicting.    There was some which tended to show that

the horse driven by the plaintiff showed no sign of fright or escape from control until it jumped in front of the car when almost alongside. There was other testimony from which it might have been found that the horse and attached vehicle were so near the track that the motorman, if looking, must have seen the danger of a clash for a considerable distance before he reached the place where it occurred. The judge[*] ruled that there was no evidence that the uneasiness or fright of the horse was caused by the car.

1. Upon this state of the evidence the defendant presented several requests for rulings to the effect in substance that the motorman was not required in the exercise of due care to stop his car or slacken its otherwise reasonable speed until the action of the horse was such as to afford ground for reasonable apprehension that unless he did so a collision would ensue, nor to assume that an apparently gentle horse under control suddenly would jump in front of the car or become unmanageable. These requests were applicable to the evidence and sound in law. But the judge was not obliged to adopt them in the words presented. It was enough if he gave them in substance. This was done by the instruction: "If a team is being driven along outside of the line of the electric car and there is nothing to show that it is likely to turn and nothing to call the motorman's attention to the possibility that it will turn, and he is running his car at a reasonable speed, in reasonable control, and suddenly without any warning, and before he has time to stop, the horse turns or is turned in front of his car, you could not say that he was careless." The degree of amplification with which a governing principle of law shall be stated in a charge to the jury, as well as its phraseology, rests almost wholly in the discretion of the judge. The record shows no error in this regard.

2. The defendant waived a motion which it had filed under St. 1911, c. 593, that the plaintiff disclose the names of her witnesses, upon agreement by her counsel to furnish them, but by oversight of the plaintiff's counsel, (as the judge found without objection upon statements made to him) the name of one was omitted. Under these circumstances the judge rightly ruled that the defendant's counsel could not comment upon the incident. An innocent

---

[*] *Sanderson,* J.

inadvertence of the attorney touching such a matter under the conditions disclosed afforded no just foundation for argument upon the merits of the issues.

3. The defendant excepted to the refusal of the judge to allow its counsel in his closing argument to the jury to refer to St. 1911, c. 593, which authorizes the court to compel either party upon terms to disclose the names and addresses of its witnesses "if justice seems to require it . . . where the names of witnesses are in the exclusive possession of one party to the action." There is nothing in the exceptions to show that this argument would have been pertinent to the issue. It did not relate to any evidence in the case nor to the failure of either side to produce evidence within his exclusive control or knowledge. The only ground upon which it now is sought to sustain the propriety of such an argument is that frequently in actions for personal injury against a street railway company it is urged by the plaintiff's counsel that the defendant is in a position to produce more witnesses in support of its contention than is the plaintiff, and that this fact should be borne in mind in weighing evidence, and hence that it is legitimate for the defendant to refer to the statute as putting parties on an equal basis in this respect. But it does not appear that such suggestion was made in behalf of the plaintiff in the case at bar. Cases are to be tried upon the evidence and not upon unsupported innuendoes as possible reasons why more or less witnesses are called on the one side or the other.

4. The other exceptions taken by the defendant have not been argued and are treated as waived.

*Exceptions overruled.*

The case was submitted on briefs.

*H. W. Ely & J. B. Ely,* for the defendant.

*C. P. Niles, J. W. Lewis & F. M. Myers,* for the plaintiff.