JAMES WYLIE *vs.* BLAKE AND KNOWLES STEAM PUMP WORKS.

Middlesex.    May 20, 1915. — June 22, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Appeal, Interlocutory order, Entry of judgment.    *Negligence,* Employer's liability.    *Statute,* Construction.    *Municipal Corporations,* By-laws and ordinances.    *Evidence,* Violation of ordinance.

*Whether* an interlocutory order of the Superior Court, made upon a petition under St. 1909, c. 514, § 141, of the plaintiff in an action of tort against his employer for personal injuries, to permit the plaintiff's attorney to make an examination of the ways, works or machinery of the defendant through whose defect the injury occurred, is a "judgment founded upon matter of law apparent on the record in any proceeding," from which an appeal to this court can be taken under St. 1906, c. 342, § 2, it here was not necessary to decide.

It also was unnecessary to decide *whether,* in a case where no exceptions were taken, an appeal from such an interlocutory order would stay the entry of judgment.

St. 1908, c. 380, re-enacted in the codification of the labor laws as St. 1909, c. 514, § 141, which provides for the granting by the Superior Court of a petition of an employee, who has been injured in the course of his employment through some defect in the ways, works or machinery of his employer, for an order permitting the person named in the order to make an examination of such ways, works or machinery, applies to injuries for which the remedy is at common law as well as to injuries that give a right of action under the employers' liability act.

In an action by a workman against his employer for personal injuries caused by the falling of an elevator, which the plaintiff was using in the course of his employment, by reason of the breaking of a wire cable and the failure to work of a safety clutch, evidence is not admissible that the defendant failed to notify the superintendent of public buildings of the accident as required by an ordinance of the city in which the accident happened; because, assuming that the city had a right to pass such an ordinance, its violation in no way tended to show that the defendant's negligence caused the plaintiff's injury, and evidence of such violation is not admissible for the limited purpose of showing that through the defendant's failure to report the accident the plaintiff was deprived of an opportunity to obtain information as to the condition of the elevator and thereby was excused from presenting better evidence on this subject than he did present, especially where no argument has been made by the defendant that the plaintiff's case is not to be relied upon because he did not produce better evidence.

TORT at common law for personal injuries sustained on March 10, 1913, when the plaintiff was in the employ of the defendant in one of the buildings of its plant in the part of Cambridge called East Cambridge, by reason of the breaking of a wire cable and the failure to work of a safety clutch attached to a freight ele-

vator when the plaintiff was upon the elevator in the course of the performance of his duties. Writ dated April 2, 1913.

The proceedings upon the plaintiff's petition under St. 1909, c. 514, § 141, to obtain an order for the examination of the elevator are described in the opinion.

The case was tried before *Hardy*, J. The defendant excepted to the admission in evidence of a provision of the Revised Ordinances of the City of Cambridge and of its violation by the defendant as described in the opinion.

The judge submitted to the jury certain questions, which with the answers of the jury were as follows:

1. "Was the plaintiff at the time of his injury acting in the course of his employment?" The jury answered, "Yes."

2. "Were there rules of the defendant or signs in force forbidding the employees to ride upon the elevator in question?" The jury answered, "No.".

3. "Was the defendant negligent?" The jury answered, "Yes."

4. "Was the cable broken by reason of a sudden application of external force caused by the catching of a bag of flour between the platform of the elevator and the second floor?" The jury answered, "No."

The jury returned a verdict for the plaintiff in the sum of $15,250; and the defendant alleged exceptions, including the exception to the admission in evidence of the ordinance and its violation mentioned above and other exceptions which have become immaterial.

The case was submitted on briefs.

*H. W. Ogden, J. M. Hoy & E. O. Proctor,* for the defendant.

*J. E. Hannigan & M. F. O'Malley,* for the plaintiff.

CARROLL, J. This is an action at common law brought by an employee of the defendant against his employer for personal injuries sustained by him on March 10, 1913, while riding on an elevator in the defendant's factory. The defendant was not a subscriber under the workmen's compensation act. St. 1911, c. 751, and amendments thereto.

1. In May, 1914, the plaintiff made application to the Superior Court for an order directing the defendant to permit the plaintiff's attorney to make an examination of the elevator, and

after a hearing this petition was allowed. Sts. 1908, c. 380; 1909, c. 514, § 141. From this interlocutory order the defendant appealed, and it also filed a bill of exceptions, including therein its exception to this ruling.

It is not necessary to decide whether this order of the Superior Court permitting an inspection of the defendant's elevator is a "judgment founded on matter of law apparent upon the record in any proceeding" and therefore a judgment which can be brought to this court by appeal under St. 1906, c. 342, § 2. Nor is it necessary to decide whether, if no exceptions had been taken by the defendant, its appeal from such an interlocutory order would stay the entry of judgment. The defendant's bill of exceptions having been filed, no judgment could be entered, and the validity of this order of the Superior Court is properly before us. *Potter* v. *Lapointe Machine Tool Co.* 201 Mass. 557. *Bearse* v. *Mabie*, 198 Mass. 451. *Fenton* v. *Kane*, 186 Mass. 136. *Commonwealth* v. *Dunleay*, 157 Mass. 386. *Davis* v. *Gay*, 141 Mass. 531.

The defendant argues that the statute conferring authority on the Superior Court to permit an employee, after an injury, to examine the ways, works or machinery of the employer, applies only to actions under the employers' liability act and does not apply to actions at common law, and that, this being a common law action, the Superior Court had no authority to pass the order.

The statute in question (St. 1908, c. 380) was passed in 1908, was expressly repealed by St. 1909, c. 514, § 145, and was re-enacted in St. 1909, c. 514, § 141. This statute gives to the employee who has been injured by reason of any defect in the ways, works or machinery of the employer, the right to apply to the Superior Court for an order permitting an examination of such ways, works or machinery if owned or used by the employer. No time is fixed in the statute within which the application for the order of examination is to be made. The statute undoubtedly was passed for the benefit of the injured employee and was intended to aid him in investigating the facts of the injury, so that he might determine whether he had a cause of action, and if so, under what form of action it was best to proceed.

As the statute now stands, the collocation of § 141 in c. 514 of the St. of 1909 might seem to indicate that this section applies only to actions under the employers' liability act. We think this

is too narrow a construction to give to the statute. If the examination can be made at any time, under the order of the court, and as a result of such examination an action is brought at common law, it probably would not be contended that the employee was thereby prevented from giving in evidence all the facts discovered at such an inspection, nor would it be contended that because of making such an examination he was thereby compelled to rely solely on his rights under the employers' liability act. If the examination was made after an action was brought, the inspection might disclose such facts and circumstances as would warrant the plaintiff in amending his declaration by the addition of counts at common law. We can see no valid reason why this section should receive the construction sought for by the defendant simply because of the arrangement of this particular section in the codification of the labor laws of the Commonwealth. We are of opinion that an inspection under the statute is equally important to the employee in whatever way he is injured, whether under the employers' liability act or at common law. We see no error, therefore, in allowing the plaintiff to inspect the defendant's elevator.

2. The plaintiff introduced in evidence § 38, c. 13 of the Revised Ordinances of the City of Cambridge, and the violation of this ordinance by the defendant. The material portion of this section is as follows: "If any accident shall occur to any elevator affecting life or limb or damaging any part of the machinery or running parts of the elevator, it shall be the duty of the person in charge, immediately, before any repairs are made, or any broken pieces are removed, to notify the superintendent [of public buildings] of the accident before the elevator is operated again, so that the cause of the accident may be determined, and faulty construction remedied, and satisfactory repairs made."

When this testimony was presented, it was offered for the single purpose of showing that because of the failure of the defendant to report to the superintendent of public buildings of the city of Cambridge, as required by the ordinance, the plaintiff thereby was prevented from securing information as to the exact condition of the elevator and safety clutch and accordingly was not supposed to be able to present the best evidence bearing on this issue.

Assuming but not deciding that the ordinance was valid and

the subject matter one on which the city of Cambridge had a right to legislate (see now St. 1913, c. 806), we do not think that the ordinance was admissible even for the limited purpose to which it was restricted by the judge. The only question before the jury was the negligence of the defendant; and its failure, therefore, subsequent to the plaintiff's injury, to notify the superintendent of public buildings of the accident in no way tended to show that it was guilty of any negligence in causing the plaintiff's injury. If the plaintiff failed to present evidence of the defendant's neglect sufficient to make out a case for the jury, this ordinance and its violation would be of no assistance to him in establishing his case, and would not have turned the balance in his favor. It is difficult to see what possible connection there is between this non-observance of the ordinance and the negligence of the defendant in causing or permitting the wire cable to be weak and the safety clutch to fail to work. It does not appear, and no contention was made at the trial, that an examination immediately following the accident would have tended to show negligence on the part of the defendant, and there was no suggestion of any concealment or suppression of evidence by the defendant. While such evidence might have been admissible to meet the argument that the plaintiff's case was not to be relied upon because he did not produce better evidence, nothing appears to show that any such intimation was made by the defendant, or that the plaintiff was in fact thereby prevented from securing better evidence. The bill of exceptions, it is true, does not contain all the evidence, but it does set out all that was said by counsel and the presiding judge when the evidence was offered, and in the offer of proof there was no charge of bad faith on the defendant's part, and no suggestion of any possible argument by it to discredit the plaintiff. The introduction of the evidence was solely on the ground that through the failure to report the accident the plaintiff was deprived of an opportunity to obtain information of the condition of the elevator and thereby was excused from presenting better evidence than he did present.

At the time the plaintiff was injured, March 10, 1913, the employer was obliged to make a report of the injury sustained by the plaintiff (1) to the Industrial Accident Board; St. 1911, c. 751, Part III, § 18; (2) to the chief of the district police; Sts.

1909, c. 514, § 144; 1912, c. 409; and (3) to the State Board of Labor and Industries; St. 1912, c. 726, § 13. See now St. 1913, c. 746. Could it be argued that the failure to give any one of these notices had any tendency to show negligence or was an admission of liability by the defendant, or that the plaintiff in consequence of this failure was prevented from securing evidence? It has been expressly decided that the failure to report an accident to the railroad commissioners under Pub. Sts. c. 112, § 208, is no evidence of the defendant's negligence; *Devoy* v. *Boston & Albany Railroad*, 156 Mass. 161; and as explained by Rugg, J., with a full citation of authorities, in *Berdos* v. *Tremont & Suffolk Mills*, 209 Mass. 489, at page 492: "It is not enough for a plaintiff to prove a violation of a statute concurrent with his injury, but he must go further and show that a condition to which the statute directly relates has a causal connection with his injury." See also *Webb Granite & Construction Co.* v. *Boston & Maine Railroad*, 206 Mass. 572.

The ordinance in question bears no analogy to the St. of 1909, c. 534, § 22, which requires a person in charge of an automobile, in case of an injury to person or property, to stop and make himself known, the very purpose of that statute being to obtain information as to the person in charge of the automobile. *Commonwealth* v. *Horsfall*, 213 Mass. 232. The plaintiff, as we have previously explained, at any time could have brought his petition under the statute (St. 1909, c. 514, § 141), for an examination of the elevator; and the breach of the ordinance did not in any way deprive him of his rights in this respect. The ordinance was not passed for the purpose of showing the negligence of the defendant or excusing the plaintiff from the necessity of proving his case. It was passed for another purpose; and the duty of the defendant to one in the position of the plaintiff was in no way either enlarged or diminished by its passage. The locality of the accident to the plaintiff, under the special circumstances of the case, is of no importance in the regulation of the plaintiff's rights; and the mere fact that he was injured in the city of Cambridge and not elsewhere within the Commonwealth does not change the rules of evidence governing such cases, notwithstanding the ordinance in question. *Byrnes* v. *Boston & Maine Railroad*, 181 Mass. 322. *Gerry* v. *New York, New Haven,*

*& Hartford Railroad,* 194 Mass. 35. To use the ordinance as an excuse for the failure to present better evidence, or to establish the liability of the defendant to the plaintiff, would divert it to an end not intended by it, contrary to the rules of law and evidence controlling the plaintiff's case.

The admission of the evidence, even for the purpose to which it was limited, seems to us to have introduced an immaterial circumstance of a very prejudicial character, tending to arouse suspicion and to divert the mind of the jury from the true issue in the case, *Delaney* v. *Berkshire Street Railway,* 215 Mass. 591, and the exception to its admission must be sustained.

It is unnecessary to consider the other exceptions taken by the defendant at the trial.

*Order for inspection affirmed.*
*Exceptions sustained.*