ARABAN COFFEE CO., INC. *vs.* RESTAURANT ASSOCIATES, INC.

Suffolk.   May 5, 1959. — June 12, 1959.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Practice, Civil,* Venue.

The venue of the writ in an action of contract in the Municipal Court of the City of Boston in the county of Suffolk by a Massachusetts corporation having a place of business in Boston against another Massachusetts corporation having its sole place of business in the county of Essex was improper as not complying with G. L. c. 223, § 2, as amended through St. 1955, c. 158, notwithstanding c. 223, § 8 (2), and an answer in abatement raising the question of venue must be sustained and the writ abated.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated November 7, 1957.

An answer in abatement was heard by *Adlow,* C.J.

*Russell H. Mann, Jr., (Bernard Kaplan* with him,) for the defendant.

No argument nor brief for the plaintiff.

WILKINS, C.J.   This is an action of contract in the Municipal Court of the City of Boston upon an account annexed for goods sold and delivered.   The plaintiff and the defendant are each described in the writ as a Massachusetts corporation with a usual place of business in Boston in the county of Suffolk.   Upon hearing an answer in abatement it was found that the defendant's sole place of business was in Lynn in the county of Essex.   The answer in abatement was overruled, the judge denying certain of the defendant's requests for rulings.   There was a trial on the merits, as to which no questions of law are reported, and there was a finding for the plaintiff.   Thereafter the Appellate Division dismissed a report of questions of law raised at the hearing on the answer in abatement, and the defendant appealed.

The material requests [1] raised the question whether the venue of the writ was proper, and the trial judge ruled that it was, on the authority of G. L. (Ter. Ed.) c. 223, § 8: "Transitory actions, except those mentioned in the preceding section, to which a corporation, other than a county or the city of Boston, is a party, may be brought as follows: . . . (2) If both parties are corporations, other than a city, town or parish, in any county in which either corporation has a usual place of business . . . ." Referring to a predecessor statute, this court said, "The object of the legislature, in adding the sixteenth section to c. 90 of the revised statutes, was not to make actions against corporations local actions, but to give corporations a species of locality, in the nature of a domicil, and to determine where they should be held to be resident, for the purpose of suing and being sued." *Raymond* v. *Lowell*, 6 Cush. 524, 529. See *Vermont & Mass. R.R.* v. *Orcutt*, 16 Gray, 116, 118.

The defendant's argument, with which we agree, is that c. 223, § 8, establishes the county only in which a transitory action may be brought, and that in order to bring this action in a District Court there should also have been compliance with G. L. c. 223, § 2 (as amended through St. 1955, c. 158), which provided: "Except as provided in section twenty-one of chapter two hundred and eighteen[2] and except as provided in this section, a transitory action in a district court shall be brought in the county where one of the defendants lives or has his usual place of business, or, if commenced by trustee process, in the county where all persons named in the writ as trustees live or have their usual places of business, and, in either case, in a court within whose judicial district one of the parties lives or has his usual place of business, except that an action commenced by trustee process may be brought in the municipal court of

---

[1] "1. This court does not have jurisdiction over the corporate defendant. 2. If the defendant does not have an usual or principal place of business within the venue of this court, the writ must abate. 3. Under the provisions of G. L. (Ter. Ed.) c. 223, § 2, the plaintiff's writ must abate. 4. Venue in the above matter is improper."

[2] Section 21 relates to small claims procedure.

the city of Boston if any trustee resides or has his usual place of business in Suffolk county. An action of tort arising out of the ownership, operation, maintenance, control or use of a motor vehicle or trailer as defined in section one of chapter ninety shall be brought in a district court within the judicial district of which one of the parties lives or has a usual place of business or in any district court the judicial district of which adjoins and is in the same county as the judicial district in which the defendant lives or has his usual place of business; provided, that if one of the parties to any such action lives or has a usual place of business in Suffolk county such action may be brought in the municipal court of the city of Boston. Said courts shall have jurisdiction of a transitory action against a defendant who is not an inhabitant of the commonwealth, if personal service or an effectual attachment of property is made within the commonwealth; and such action may be brought in any of said courts in the county where the service or attachment was made."

If the ruling of the court below is correct, the action could have been brought in the East Boston District Court, the Municipal Court of the West Roxbury District, the District Court of Chelsea, or any of the other District Courts in Suffolk County. That ruling also would require a similar result in cases within clause 4 of c. 223, § 8,[1] and would mean that any suit between a corporation and an individual could be brought in any District Court in any county in which the corporation might sue or be sued or in any county in which the individual lives or has a usual place of business.

The interpretation of the court below was not that of this court in 1909, when there was occasion to consider a predecessor statute of G. L. c. 223, § 8, which was R. L. c. 167, § 7. In *Potter* v. *Lapointe Machine Tool Co.* 201 Mass. 557, the plaintiffs, copartners having a usual place of business in Boston, brought an action at law in the Municipal Court of the City of Boston against a foreign corporation having a

---

[1] "(4) If one party is a corporation named in clause (1) or (2), and the other an individual, in any county in which the corporation might sue or be sued, or in the county in which the individual lives or has a usual place of business."

usual place of business in the county of Middlesex. It was there said: "The plaintiff contends that its action is well brought under R. L. c. 167, § 7, cl. 3, which enacts, with exceptions not here material, that if one party is a natural person and the other a corporation other than a city, town or parish, it may sue or be sued in any county in which the corporation has an established or usual place of business or in which the natural person lives or has a usual place of business. This section, however, only fixes the county of venue; it does not settle the jurisdiction of the respective courts within the county, which is established by other sections of the Revised Laws . . . . It applies to courts of general jurisdiction. Its purpose is not to enlarge the powers of courts of limited jurisdiction. If the construction of this section sought for by the plaintiff is tenable, then the jurisdiction of all police, district and municipal courts for natural persons residing or having places of business within their territorial limits as to all corporations would be bounded only by the confines of the Commonwealth. This would be a far more extensive jurisdiction than is possessed where both parties are natural persons . . ." (page 560). "R. L. c. 167, § 2,[1] is the only general statute which settles the venue of actions in police, district and municipal courts" (page 564).

The Appellate Division sought to distinguish the *Potter* case, because it was decided prior to St. 1916, c. 174, the substance of much of which is now found in G. L. (Ter. Ed.) c. 218, § 4, which provides that District Courts "shall be courts of superior and general jurisdiction with reference to all cases and matters in which they have jurisdiction, and no order, decree, judgment, sentence, warrant, writ or process made, issued or pronounced by them need set out any adjudication or circumstances with greater particularity than would be required in other courts of superior and general jurisdiction." We fail to observe anything in this

---

[1] "A transitory action in a police, district or municipal court shall be brought in the county in which one of the defendants lives or has his usual place of business."

statute which affects venue. See *Paige* v. *Sinclair*, 237 Mass. 482, 484; *Universal Supply Co.* v. *Hildreth*, 287 Mass. 538, 541. We think it did not amend by implication R. L. c. 167, § 2, or § 7, Third.

We do not perceive that the plaintiff is aided by the fact that G. L. c. 223, § 7, was amended by St. 1923, c. 111, by providing that the section should not apply to actions that may be brought in a District Court. It surely does not indicate an intent to extend the provisions of § 2.

Since the date of the writ in the case at bar the second sentence in § 2 (as amended through St. 1955, c. 158) has been amended by substituting "may" for "shall." St. 1958, c. 369, § 1A. This does not look as though the Legislature intended that a corporation should bring a motor tort action in any court in any county permitted by § 2. See *Loomer* v. *Dionne*, 338 Mass. 348, 352.

The requests for rulings should have been given. The order dismissing the report is reversed. The answer in abatement is sustained, and the writ is abated.

*So ordered.*